## BLACKMAR *v.* GUERRE, REGIONAL MANAGER, VETERANS' ADMINISTRATION, ET AL.

No. 361.   Argued January 30–31, 1952.—Decided March 3, 1952.

*René R. Nicaud* argued the cause for petitioner.   With him on the brief was *Conrad Meyer, III*.

*Benjamin Forman* argued the cause for respondents. With him on the brief were *Solicitor General Perlman, Assistant Attorney General Baldridge* and *Samuel D. Slade.*

MR. JUSTICE MINTON delivered the opinion of the Court.

Petitioner, a veteran employed as authorization officer in the Regional Office of the Veterans' Administration in New Orleans, was removed from his position. He appealed under § 14 of the Veterans' Preference Act of 1944 (5 U. S. C. (Supp. IV) § 863) to the Tenth Regional Office of the United States Civil Service Commission in New Orleans. The Regional Board found that his discharge was not warranted and recommended that he be reinstated to his position. The Veterans' Administration appealed to the Board of Appeals and Review of the Civil Service Commission in Washington. The Commission reversed the Tenth Regional Board and so notified petitioner.

Petitioner then instituted this suit in the District Court for the Eastern District of Louisiana, naming as defendants Guerre, the Regional Manager of the Veterans' Administration, who had first discharged him, and the United States Civil Service Commission. Guerre was served personally. Service on the Commission was sought through personal service on Weinstein, the United States District Attorney, and on Leach, the Regional Director of the Tenth United States Civil Service Region. Both Weinstein and Leach resided within the Eastern District of Louisiana. Service by r gistered mail was made in the District of Columbia up, 1 the Attorney General of the United States and the United States Civil Service Commission.

Petitioner prayed for a judgment of the District Court setting aside and annulling his discharge by Guerre and the action of the Civil Service Commission confirming

Guerre's action, and declaring that "plaintiff is entitled to an order from the United States Civil Service Commission directing . . . Guerre . . . to restore plaintiff to his aforesaid position" with back pay. Respondents appeared and filed a motion to dismiss because of improper venue and lack of jurisdiction. After this motion was overruled, respondents filed an answer raising, among other things, the same issues. On motions of both parties for summary judgment, the court sustained that of respondents, holding that it lacked jurisdiction over the persons of the Commissioners, who were not residents of the Eastern District of Louisiana and who were indispensable parties. The Court of Appeals affirmed on the ground that there was no venue in the District Court, without prejudice to further proceedings by petitioner in the proper venue. 190 F. 2d 427. We granted certiorari. 342 U. S. 884.

We do not reach the merits in this proceeding. We are met at the threshold with a challenge by motion and answer as to the venue and jurisdiction of the District Court of Louisiana to entertain this action. These defenses as to law and fact were properly presented in this manner. Fed. Rules Civ. Proc., 12 (b).

If the Commission could be sued *eo nomine,* we would be confronted with the question of whether service as here made would be sufficient to bring the Commission into court; but Congress has not constituted the Commission a body corporate or authorized it to be sued *eo nomine.*

It is suggested that such authorization is given by the Hatch Act.[1] Not so. While § 118k (c) of 5 U. S. C. does provide that a state officer or employee found to have violated § 118k (b) may obtain review in the District Court of the district in which he resides, this is not authorization for a new proceeding against the Civil Service Commis-

---

[1] 53 Stat. 1147, as amended, 54 Stat. 767, § 12 (c), 5 U. S. C. (Supp. IV) § 118k (c).

sion. It is authorization only for a transfer of the case from the Commission to the District Court—a continuation of the same proceeding before another tribunal. Review is instituted by petition and notice to the Commission, which is directed by the Act to file a transcript of the record in the case in the District Court. The court reviews the case on the old record, with the right to hear further evidence. Even this limited review is not afforded federal employees found to have violated § 118 (i). Thus, by no stretch of the imagination can the limited review granted state employees by the Hatch Act be deemed an authorization by Congress for the present suit against the Commission. When Congress authorizes one of its agencies to be sued *eo nomine,* it does so in explicit language, or impliedly because the agency is the offspring of such a suable entity. See *Keifer & Keifer* v. *R. F. C.,* 306 U. S. 381, 390.

Since the Civil Service Commission is not a corporate entity which Congress has authorized to be sued, a suit involving the action of the Commission generally must be brought against the individual Commissioners as members of the United States Civil Service Commission. No such suit was brought here, and no service was had upon the individuals comprising the Civil Service Commission. Therefore, neither the individuals comprising the Civil Service Commission nor the Commission as a suable entity was before the District Court.

We do not have a question of venue as to defendants until we have defendants before the court. The only defendant before the court was Guerre. The venue as to him was all right, but it is obvious no relief can be granted against him.

It is further suggested that judicial review is authorized by the Administrative Procedure Act, 5 U. S. C. § 1001 *et seq.* Certainly there is no specific authorization in that Act for suit against the Commission as an entity. Still

less is the Act to be deemed an implied waiver of all governmental immunity from suit. If the Commission's action is reviewable under § 1009,[2] it is reviewable only in a court of "competent jurisdiction." Assuming, without deciding, that Commission action is reviewable by court action under § 1009, it must follow that review must be in that district where the Commissioners can be served. Since we have held that the Civil Service Commission is not an entity that may be sued anywhere it may be functioning but only the Commissioners may be sued where they can be served, § 1009 does not aid petitioner in an action brought in Louisiana. The courts of the District of Columbia are the only courts of "competent jurisdiction" to reach the members of the Civil Service Commission.

Since the members of the Civil Service Commission were never served, and could not be served, in the District Court for the Eastern District of Louisiana, and the Civil Service Commission is not a corporate entity, it follows that the only defendant before the court was Guerre, and, as we have pointed out, no relief could possibly be granted against him in these proceedings, the judgment is

*Affirmed.*

MR. JUSTICE BLACK dissents.

---

[2] "§ 1009. *Judicial review of agency action.*

"Except so far as (1) statutes preclude judicial review or (2) agency action is by law committed to agency discretion—

"(a) *Right of review.*

"Any person suffering legal wrong because of any agency action, or adversely affected or aggrieved by such action within the meaning of any relevant statute, shall be entitled to judicial review thereof.

"(b) *Form and venue of proceedings.*

"The form of proceeding for judicial review shall be any special statutory review proceeding relevant to the subject matter in any court specified by statute or, in the absence or inadequacy thereof, any applicable form of legal action . . . in any court of competent jurisdiction. . . ."