## QUEENS COUNTY GROUP OF SAVINGS & LOAN ASS'N v. HOME LOAN BANK BOARD et al.

### Civ. No. 12289.

United States District Court
E. D. New York.
July 7, 1952.

505

Walter J. A. Mack, Jamaica, N. Y., for plaintiff.

Frank J. Parker, U. S. Atty., Brooklyn, N. Y., Nathan Borock, Asst. U. S. Atty., Brooklyn, N. Y., for defendant Home Loan Bank Board.

Daniel McNamara, Brooklyn, N. Y., for defendant Century Federal Savings & Loan Ass'n.

BYERS, District Judge.

Following the decision of May 5 last, D.C., 104 F.Supp. 396, plaintiff seeks by this motion to obtain an order permitting service on Home Loan Bank Board by delivery of a copy of the summons and complaint to the secretary at the office of the Board in Washington, D. C., and by service of a copy thereof on the United States Attorney for this District.

Plaintiff also sought leave, on oral notice, to substitute the individual members of the Home Loan Bank Board as parties defendant in place of the Board itself; so much of the motion was not opposed and to that extent it will be granted.

This requires that the motion be considered as one to effect service upon the individual members, in accordance with the notice of motion.

The moving affidavit cites Fahey v. Mallonee, 332 U.S. 245, 67 S.Ct. 1552, 91 L.Ed. 2030, as authority for granting the motion as one contemplated by Rule 4, F.R.C.P., subdivision (e), which reads:

"Whenever a statute of the United States or an order of court provides for service of a summons, * * * upon a party not an inhabitant of or found within the state, service shall be made under the circumstances and in the manner prescribed by the statute, rule, or order."

The Federal Home Loan Bank Act is found in Title 12 U.S.C.A. § 1421 et seq., and nothing therein provides for service of processes upon a member not an inhabitant or found within the State in which this Court functions.

The reference to the Mallonee case is not helpful in this connection since the service upon a member of the Board upon which that action is based was effected under the then Judicial Code § 57 (28 U.S.C. § 118), now Title 28, § 1655 which has to do with an action in the District Court to enforce a lien upon or claim to real or personal property within the district, "where any defendant cannot be served within the State, or does not voluntarily appear, the court may order the absent defendant to appear or plead by a day certain."

As explained in the decision heretofore made, this is not an action *in rem* but a declaratory judgment is sought for the purpose of setting aside the action of the defendants of which the plaintiff complains. In the Mallonee case, plaintiff sought to oust a conservator who, it was alleged, with the chairman of the Home Loan Bank Board had seized the property of the Long Beach Federal Savings Loan Association without due process of law, etc.

The plaintiff had succeeded in the District Court but that judgment was reversed and in the course of its opinion, the court said, 332 U.S. at page 257, 67 S.Ct. at page 1558, that it was found "unnecessary to decide whether Fahey (the Chairman) * * was properly brought into the case by substituted service." The Mallonee case, therefore, is not dispositive of this motion.

While the matter is not alleged in the affidavits pro or con, it is assumed, for present purposes, that the members of the Board are nonresidents of this District and do in fact reside in the District of Columbia; thus the decision in Blackmar v. Guerre, 342 U.S. 512, 72 S.Ct. 410, seems to point to the result to be reached here, in that the action there involved was brought against the Regional Manager of the Veterans Administration in New Orleans and the United States Civil Service Commission, and serv-

ice upon the Commission was attempted through personal service on the United States District Attorney in New Orleans and by registered mail upon the Attorney General of the United States and the United States Civil Service Commission. The cause was dismissed by the United States District Court in Louisiana for want of jurisdiction over the Civil Service Commission and that decision was affirmed. The opinion states, 342 U.S. at page 516, 72 S.Ct. at page 412:

> "The courts of the District of Columbia are the only courts of 'competent jurisdiction' to reach the members of the Civil Service Commission.

> "Since the members of the Civil Service Commission were never served, and could not be served, in the District Court for the Eastern District of Louisiana, and the Civil Service Commission is not a corporate entity, * * * the judgment is affirmed."

Except as above stated, the motion is denied.

Settle order.