**MARTUCCI v. MAYER et al.**

**No. 11179.**

United States Court of Appeals
Third Circuit.

Argued Jan. 19, 1954.

Decided Jan. 22, 1954.

---

John Edward Sheridan, Philadelphia, Pa., for appellant.

Oliver C. Biddle, Washington, D. C. (Warren E. Burger, Asst. Atty. Gen., Edward H. Hickey, Atty., Department of Justice, Washington, D. C., on the brief), for appellees.

Before McLAUGHLIN, KALODNER and STALEY, Circuit Judges.

PER CURIAM.

Appellant, a Deputy Collector for the Director of Internal Revenue of the First District of Pennsylvania, was ordered suspended for a period of ninety days by the United States Civil Service Commission for an alleged violation of Section 9(a) of the Hatch Act, as amended, 5 U.S.C.A. § 118i(a). For the purpose of setting aside the Commission's order Martucci filed a petition for review of that order together with a petition for a temporary injunction. Personal service was effected upon Martucci's superior, the local Director of Internal Revenue, and the Commission was served by registered mail in the District of Columbia.

The temporary injunction having been granted until the petition for review could be heard, appellees moved to dismiss the action and dissolve the restraining order on the ground that the court lacked jurisdiction over indispensable parties as well as over the subject matter of the suit. Reliance was placed, inter alia, on the decision of Blackmar v. Guerre, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534, which held that a suit challenging the action of the Commission must be brought against the individual Commissioners as members of that body. Appellees later moved for summary judgment, under Rule 56, Federal Rules of Civil Procedure, 28 U.S.C., alleging that there was no dispute of fact and that they were entitled to judgment as a matter of law. Both motions were argued together. The district court granted summary judgment in appellees' favor, the accompanying opinion holding that under Blackmar v. Guerre, supra, the individual members of the Commission being indispensable parties and not before the court, there was an absence of jurisdiction. The local Director of Internal Revenue under the Commissioner's Reorganization Order No. 7 had no authority to suspend appellant for longer than a period of five days, and then only as a disciplinary measure for infractions of office rules and practices.

Although we are in entire agreement with the basis of the lower court's decision, it is our view that an order of dismissal, not summary judgment, should have been entered in this case. A judgment under Rule 56 goes to the merits and operates in bar of the cause of action, not in abatement. Moore's Federal Practice (2nd edit.), Paragraph 56.03; Jones v. Brush, 9 Cir., 1944, 143 F.2d 733; Central Mexico Light & Power Co. v. Munch, 2 Cir., 1940, 116 F.2d 85. Here, however, as is clear from the district court's opinion, the claim has not been disposed of on

the merits and is therefore only abated.

The judgment will be vacated and the cause remanded with directions to enter an order dismissing the action for want of jurisdiction.