**LEINER v. ROSSELL.**

United States District Court
S. D. New York.

May 17, 1954.

Dickstein & Shapiro, New York City, for plaintiff (David I. Shapiro, New York City, of counsel).

J. Edward Lumbard, U. S. Atty., New York City, for defendant (Alfred P. O'Hara, Harold J. Raby, New York City, of counsel).

MURPHY, District Judge.

This is a motion for an order pursuant to Rule 65, Federal Rules of Civil Procedure, 28 U.S.C.A., enjoining defendant from taking or threatening to take action with respect to plaintiff's employment in the Post Office Department, pending final determination of the complaint on its merits. Plaintiff, an indefinite substitute clerk in the New York Post Office since February 9, 1953, received from defendant a letter dated March 26, 1954, requesting "comment or explanation" on a series of facts disclosed by the investigation to which his appointment was explicitly subject. The information set forth appears inconsistent with plaintiff's answers to questions made in the application form for his employment on January 27, 1953, with respect, among other things, to membership in the Communist Party, arrest since 16th birthday, use of name, employment and school record, and previous discharge from employment. Plaintiff did not reply within the specified ten-day period but requested by letter dated April 1, 1954, "a bill of particulars" from defendant responding to 38 questions grouped under 9 subdivisions, and also "35 days from the receipt of a final ruling to answer the statements contained in the said letter of March 26th." Both requests were denied and plaintiff was given 10 days from April 21, 1954, to answer the original letter.

In his complaint plaintiff contends that Public Law 733, 5 U.S.C.A. § 22-1, made applicable to all government employees by Executive Order 10450,[1] ousts the Civil Service Commission of jurisdiction to take any action except that of investigation with respect to loyalty; that defendant will deprive plaintiff of a hearing to which he is entitled by Public Law 733 and the Constitution; and that

---

[1] 18 Fed.Reg., pages 2489, 2491, April 29, 1953, 5 U.S.C.A. § 631 note. See also 5 U.S.C.A. § 22-3.

denial by defendant of the request for a bill of particulars violates the Constitution. Defendant contends that an indispensable party, *viz.*, the Civil Service Commission has not been joined and that plaintiff has failed to exhaust his administrative remedies.

Viewing the record in this case as presenting a single motion, that of plaintiff for a temporary injunction, the heart of the question is whether any action threatened by defendant is "clearly illegal." Plaintiff concededly has not pursued his administrative remedies. Despite the strong and unexceptional statement by the highest court of "the long-settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted",[2] this court will assume *arguendo* power to grant the extraordinary relief sought without such exhaustion in special circumstances involving threatened irreparable injury, inadequate administrative remedies, unconstitutional action or action under an unconstitutional statute, or an agency's course of action resting upon a clear error of law. Perhaps the strongest situation for relaxation of the rule of exhaustion would be the challenge to constitutionality of the basic statute. An administrative agency may have power to hold that a valid statute cannot be constitutionally applied, but not presumably any power to decide that such statute is unconstitutional.[3] Such question which could be presented only in vain for administrative resolution is not urged in this case. Instead it is contended that the defendant's contemplated course of action is clearly erroneous because Public Law 733 as extended to the plaintiff by Executive Order 10450 deprives defendant of power to act beyond mere investigation.

Nowhere does the statute deny such power to the Civil Service Commission. At most, as extended by executive order, it grants absolute discretion to the Postmaster General "in the interest of national security [to] suspend, without pay, any civilian officer or employee". By its terms, the statute does not, as it could have, vest such power exclusively in the post office agency head. To supply this meaning in the instant case, at least two additional propositions must be postulated: (1) That grant of power to one is a denial to all others, a debatable maxim of statutory construction; and (2) That the possible suspension of plaintiff by defendant would be "in the interests of national security", and not, under some other applicable statute and regulations, relative to the veracity of plaintiff's statements in his application for employment with respect to previous arrest for a criminal offense, use of names, educational background and discharge from employment.

We need find only, for purposes of this motion, that reasonable men might differ about the assertion of either one of these propositions in order to hold the threatened action of defendant not clearly illegal,[4] and such is what this court decides.

Absent a showing of an illegal course of action, nothing suggests inadequacy of the administrative remedy. There are, we are informed by affidavit, provisions for administrative appeals to the Civil Service Commission in the District of Columbia and even judicial review in that district, should adverse action be taken by defendant in this case. Similarly, there is no merit in any claim of irreparable injury necessary to support this extraordinary remedy in advance of trial.

2. Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50–51, 58 S.Ct. 459, 463, 82 L.Ed. 638.

3. But cf. Aircraft & Diesel Equipment Corp. v. Hirsch, 331 U.S. 752, 67 S.Ct. 1493, 91 L.Ed. 1796.

4. See Order of Railway Conductors v. Pitney, 326 U.S. 561, 566, 66 S.Ct. 322, 90 L.Ed. 318.

This disposition makes unnecessary any determination of the necessity of joining the Civil Service Commission as a party defendant.[5]

Motion denied.

---

**5.** Cf. Blackmar v. Guerre, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534 and Reeber v. Rossell, 2 Cir., 200 F.2d 334 *with* Williams v. Fanning, 332 U.S. 490, 68 S.Ct. 188, 92 L.Ed. 95.