Frank BURNS, Joseph Gizowsky, Mac Krieger, Robert McCruden, Joseph Scrabonia, Henry D. Strube and John M. Tomchek, Plaintiffs-Appellees,

v.

Arthur A. McCRARY, Col., Commanding Officer, Signal Corps Pictorial Center, 35–11 35th Avenue, Long Island City, New York, William E. Leary, Major, Signal Corps Pictorial Center, 35–11 35th Avenue, Long Island City, New York, and Mary C. O'Connor, Chief Personnel Officer, Signal Corps Pictorial Center, 35–11 35th Avenue, Long Island City, New York, Defendants-Appellants.

No. 153, Docket 23762.

United States Court of Appeals Second Circuit.

Argued Dec. 21, 1955.

Decided Jan. 11, 1956.

ment Repairers at the Army Signal Corps Pictorial Center, in Long Island City, New York. Some of plaintiffs are veterans. On February 2, 1955, each of them received official notice that he would be reduced in grade on February 20, 1955. Before that date, each of plaintiffs filed an administrative appeal. The appeals of those who were veterans will be finally decided by the Civil Service Commission, Washington, D. C., and the appeals of those who were not veterans by the Secretary of the Army, Washington, D. C. While these appeals were pending and undecided, plaintiffs began this suit. They asked that the proposed reductions in grade be declared void and that the defendants be enjoined from carrying them out. On plaintiffs' motion, the district court granted a preliminary injunction. Defendants have appealed.

———◆———

Samuel Resnicoff, New York City, for appellee.

Warren E. Burger, Washington, D. C., Leonard P. Moore, Brooklyn, N. Y., Paul A. Sweeney and John J. Cound, Washington, D. C., for appellants.

Before FRANK, HINCKS and LUMBARD, Circuit Judges.

FRANK, Circuit Judge.

Plaintiffs are civilians employed by the United States as Photographer Equip-

When this suit began and when the preliminary injunction issued, plaintiffs had not exhausted their administrative remedies. Such exhaustion is essential to the maintenance of such a suit.[1] The final administrative decisions will be made by officials residing in Washington, D. C., who have not been served. Accordingly, the district court had no jurisdiction to grant either a temporary or a final injunction.[2]

Reversed and remanded with directions to dismiss for lack of jurisdiction.

1. Aircraft & Diesel Equipment Corp. v. Hirsch, 331 U.S. 752, 764, 67 S.Ct. 1493, 91 L.Ed. 1796; Macauley v. Waterman S.S. Corp., 327 U.S. 540, 66 S.Ct. 712, 90 L.Ed. 839; Myers v. Bethlehem Shipbuilding Co., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638. Wettre v. Hague, 1 Cir., 168 F.2d 825 as interpreted in Fitzpatrick v. Snyder, 1 Cir., 220 F.2d 522, 525, holds that, where there is a "clear violation of some incontestable right," administrative remedies need not be first exhausted. As here there is no "clear violation of some incontestable right," we need not here decide whether or not to follow the Wettre doctrine; Cf. Young v. Higley, 95 U.S.App.D.C. 122, 220 F.2d 487.

2. Blackmar v. Guerre, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534; Reeber v. Rossell, 2 Cir., 200 F.2d 334; Cf. United States ex rel. Vassel v. Durning, 2 Cir., 152 F.2d 455.