H. Morton JONES, for himself and others similarly situated, Appellant,

v.

STATE ROAD DEPARTMENT OF STATE OF FLORIDA et al., Appellees.

No. 17241.

United States Court of Appeals Fifth Circuit.

Nov. 5, 1958.

Wm. H. Pruitt, Wm. J. Pruitt, John P. Grier, Miami, Fla., Pruitt & Pruitt, Miami, Fla., for appellant.

Robert S. Green, Atty., Dept. of Justice, Washington, D. C., Bryan W. Henry,

Washington, D. C., Bryan W. Henry, Ross H. Stanton, Jr., Richard B. Austin, Tallahassee, Fla., Charles T. Boyd, Jr., Jacksonville, Fla., Samuel D. Slade, Atty., Dept. of Justice, Washington, D. C., George Cochran Doub, Asst. Atty. Gen., James L. Guilmartin, U. S. Atty., Miami, Fla., for appellee.

Before HUTCHESON, Chief Judge, and CAMERON and BROWN, Circuit Judges.

## PER CURIAM.

Alleging that the matter in controversy arises under the Constitution and laws of the United States and there was federal question jurisdiction, plaintiff, a citizen of Florida, brought this suit against: "The State Road Department of Florida, an agency of the State"; Wilbur E. Jones, Chairman of the State Road Board, a citizen of Florida; Wilbur M. Brucker, Secretary of the Army; General Itschner, Chief of Engineers of the U. S. Corps of Engineers; and against Powell Brothers, Inc. and Heavy Constructors, Inc., Florida corporations, for a judgment, declaring that plaintiff, as the owner of the Vessel Little Fish, has a right to the free and unobstructed use of the Intracoastal Waterway in Biscayne Bay, and that the defendants are without authority to obstruct it, and for an injunction against their doing so.

The claim was that the defendants had planned and were unlawfully preparing to authorize and construct a bridge across the Waterway which would obstruct its use by plaintiff and others similarly situated, and that for their protection an injunction and a declaration were necessary.

The defendants moved to dismiss and, their motions sustained, appellant is here insisting that the judgment must be reversed.

██ We do not think so. On the contrary, we think it clear that the suit was properly dismissed for want of jurisdiction. There was want of federal jurisdiction over the defendants generally because plaintiff and three of the defendants were citizens of the same state, and diversity was lacking, and because plaintiff's complaint did not present a substantial federal question sufficient to confer jurisdiction. Cf. Screven County v. Brier Creek Hunting & Fishing Club, 5 Cir., 202 F.2d 369.

██ In addition, the suit against the Highway Department and the Chairman of the Board was a suit against the State of Florida, State Road Department of Florida v. Tharp, 146 Fla. 745, 1 So.2d 868, to which the State had not consented. Florida Constitution, Article 3, Sec. 22, 25 F.S.A. 912; Sec. 337.19 F.S. '57, F.S.A. The suit against Brucker and Itschner to restrain official government action was in effect a suit against, and an effort to enjoin, the United States, to which it had not consented. Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628; United States v. Associated Air Transport, 5 Cir., 256 F.2d 857; United States v. Patterson, 5 Cir., 206 F.2d 345. Cf. Skelly Oil Co. v. Phillips, 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194. Besides there was no personal jurisdiction over these defendants. Both of them were and are officially domiciled in Washington, D. C. Neither of them was personally served with process in the Southern District of Florida, and, if they had been, the suit was against them in their capacities as officers of the United States, and only the District Court for the District of Columbia could have obtained personal jurisdiction over them in such an action. Blackmar v. Guerre, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534; Stroud v. Benson, 4 Cir., 254 F.2d 448; Stewart v. U. S., 5 Cir., 242 F.2d 49, 51.

The judgment was right. It is affirmed.