**Robert W. HICKS, Appellant,**

v.

**Arthur E. SUMMERFIELD, Postmaster General of the United States, and Philip Young, et al., United States Civil Service Commission, Appellees.**

**No. 14483.**

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 30, 1958.

Decided Nov. 13, 1958.

Petition for Hearing In Banc Denied Dec. 17, 1958.

Mr. Richard A. Mehler, Washington, D. C., with whom Messrs. George J. Goldsborough, Jr., and Charles P. Hovis, Washington, D. C., were on the brief, for appellant.

Mr. Howard E. Shapiro, Attorney, Department of Justice, with whom Asst. Atty. Gen. George C. Doub and Messrs. Oliver Gasch, U. S. Atty., and Morton Hollander, Attorney, Department of Justice, were on the brief, for appellee. Mr. Carl W. Belcher, Asst. U. S. Atty., also entered an appearance for appellees.

Before FAHY, DANAHER and BASTIAN, Circuit Judges.

BASTIAN, Circuit Judge.

Appellant (plaintiff) appeals from an order of the District Court dismissing his suit against the Postmaster General and the Civil Service Commissioners. Appellant asked that the court issue a preliminary and permanent mandatory injunction requiring appellees (defendants) to restore appellant to his employment in the United States Post Office Department, retroactive to the date of his dismissal. Appellant was dismissed by a Notification of Personnel Action emanating from the Post Office Department, the grounds stated therein being:

> "For false and misleading statements in your civil service papers concerning separations from previous employments and experience, and other evidence of unsuitability for Government employment."

It is conceded that the Civil Service Commission directed the removal action complained of.

While the suit was pending in the District Court, two of the defendant Civil Service Commissioners resigned from the Commission and their successors were not substituted as parties defendant within six months after taking oath of office, as required by Fed.R.Civ.P. 25(d), 28 U.S.C.A.[1] On motion, based on the failure to substitute indispensable parties, the District Court dismissed the complaint but without prejudice. Appellant contends that the complaint should not have been dismissed because the members of the Civil Service Commission were not in fact indispensable parties.

We believe that under the circumstances of this case the Civil Service Commissioners were indispensable parties to the suit and, they not being be-

---

1. "When an officer of the United States, or of the District of Columbia, the Canal Zone, a territory, an insular possession, a state, county, city, or other governmental agency, is a party to an action and during its pendency dies, resigns, or otherwise ceases to hold office, the action may be continued and maintained by or against his successor, if within 6 months after the successor takes office it is satisfactorily shown to the court that there is a substantial need for so continuing and maintaining it. * * *"

Fed.R.Civ.P. 6(b) provides that the court may not extend the time for taking action under Rule 25(d).

fore the court, the action was properly dismissed. Cf. Blackmar v. Guerre, 1952, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534; Benenati v. Young, 1955, 95 U.S.App.D. C. 120, 220 F.2d 383.

Affirmed.