John A. COUGHLIN, Appellant,

v.

S. P. RYDER, Regional Director, Third United States Civil Service Region.

No. 14945.

United States Court of Appeals Third Circuit.

Argued Jan. 8, 1965.

Decided Feb. 15, 1965.

George E. Goldstein, Philadelphia, Pa., for appellant.

Stanley D. Rose, Dept. of Justice, Washington, D. C. (John W. Douglas, Asst. Atty. Gen., Drew J. T. O'Keefe, U. S. Atty., Morton Hollander, Attorney, Department of Justice, Washington, D. C., on the brief), for appellee.

Before BIGGS, Chief Judge, and KALODNER and SMITH, Circuit Judges.

PER CURIAM.

The court below was without jurisdiction to entertain the action because of the failure to join indispensable parties, the members of the Civil Service Commission. The members of the Civil Service Commission were not served in the United States District Court for the Eastern District of Pennsylvania. It is obvious that the relief sought by the appellant, Coughlin, cannot be granted by a decree directed against the appellee,

Ryder, alone. Blackmar v. Guerre, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534 (1952); Adamietz v. Smith, 273 F.2d 385 (3 Cir.), cert. denied 363 U.S. 850, 80 S.Ct. 1628, 4 L.Ed.2d 1732 (1960). It follows that upon the present record the court below was without jurisdiction to entertain the action.

Attention is directed, however, to Section 1391. Title 28 U.S.C., as amended by the Act of December 23, 1963, 77 Stat. 473, adding two new subsections "(e)" and "(f)". Subsection "(e)" of Section 1391 would permit the members of the Civil Service Commission to be brought upon the record as parties-defendant.

In view of this, the judgment of the court below will be vacated and the cause will be remanded with the direction to permit the plaintiff-appellant, Coughlin, to join the members of the Civil Service Commission as parties-defendant, to be served as provided by the Federal Rules of Civil Procedure, 28 U.S.C., and if this be done, to decide the case again upon the merits.