**KLEEN LEEN, INC., Plaintiff,**

**v.**

**Ronnie COOK et al., Defendants.**

**Civ. A. No. 74-321.**

United States District Court,
D. South Carolina,
Aiken Division.

April 2, 1974.

Philip Wittenberg, Levi, Wittenberg & Abrams, Sumter, S. C., for plaintiff.

Glen E. Craig, Asst. U. S. Atty., Columbia, S. C., for defendants.

ORDER

SIMONS, District Judge.

This matter is before the Court upon motion of the United States to dismiss

for lack of jurisdiction. The action was removed to this Court from the Court of Common Pleas, Aiken County, South Carolina.

The Farmers Home Administration was established by order of the Secretary of Agriculture, dated August 14, 1946. Plaintiff alleges that the Farmers Home Administration is a division of the United States Department of Agriculture and as such is an Agency of the United States of America. Plaintiff also alleges, in substance, that certain of these defendants and the Farmers Home Administration sold and/or otherwise disposed of certain swine upon which plaintiff had a lien without accounting to plaintiff in connection with such sale or disposition. Paragraph 3 of the Petition for Removal states as follows:

"The above entitled action is a civil action commenced against Farmers Home Administration for certain alleged acts of Farmers Home Administration as set forth in the complaint and to obtain an accounting by the United States of America in connection with the foregoing and judgment as may be determined by said accounting."

While 6 grounds are given in support of the Motion to Dismiss, I have concluded that it is only necessary to consider the first ground which provides as follows:

"TO dismiss the action on the ground that the Court lacks jurisdiction because the State Court from which it was removed lacked jurisdiction over the Farmers Home Administration and the United States of America since the United States has not consented for the Farmers Home Administration to be sued in any Court or for the United States to be sued in such State Court in this kind of action."

■ It is clear that the United States can be sued only with its consent and that Congress may specify the terms and conditions of such suits as it authorizes. United States v. Sherwood,

312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). This is also true with respect to agencies of the United States. Blackmar v. Guerre, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534 (1952).

■ After carefully considering this matter, I have concluded that the State Court from which this action was removed lacked jurisdiction over the Farmers Home Administration and the United States of America since the United States has not consented for the Farmers Home Administration to be sued in any court or for the United States to be sued in such State Court in this kind of action.

■ Therefore the initial question here is whether this Court has jurisdiction over the Farmers Home Administration or the United States since the State Court from which the action was removed lacked jurisdiction. In my view this question must be answered in the negative. One of the more recent cases involving this question is Stapleton v. $2,438,110, 454 F.2d 1210, 1213 (3rd Cir. 1972). There the Court stated as follows:

"The jurisdiction of the federal court over a cause removed from the state courts is derived from the question of the state court's jurisdiction; if the state court lacked jurisdiction of subject matter or parties, then the federal court acquires none, even though it might have jurisdiction in a like claim first brought in the federal system. See Lambert Run Coal Co. v. Baltimore & Ohio R. R. Co., 258 U.S. 377, 42 S.Ct. 349, 66 L.Ed. 671 (1922); A. J. Curtis and Company v. D. W. Falls, Inc., 305 F.2d 811 (3rd Cir. 1962); Minnesota v. United States, 305 U.S. 382, 59 S.Ct. 292, 83 L.Ed. 235 (1939)."

Accordingly I conclude that the Farmers Home Administration and the United States of America should be dismissed as parties to this action as it is presently framed; and that this action with all other issues remaining between the plaintiff and the personal defendants

**494**

should be remanded to the Court of Common Pleas, Aiken County, South Carolina.

This disposition in no way affects the right of the United States to hereafter assert the remaining grounds for its motion to dismiss, should it be hereafter sued by this plaintiff.

It is so ordered.