**COVINGTON COUNTY BANK,**
Plaintiff,

v.

**R. J. ALLEN & ASSOCIATES, INC.,**
**et al., Defendants.**

Civ. A. No. 75-8-N.

United States District Court,
M. D. Alabama, N. D.

Jan. 31, 1975.

Hobart McWhorter, Jr., and C. Larimore Whitaker, Bradley, Arant, Rose & White, Birmingham, Ala., for plaintiff.

Michael J. Stewart, Miami, Fla., and by Kenneth E. Vines, Asst. U. S. Atty., Montgomery, Ala., for the S.E.C.

Solomon S. Seay, Jr., Gray, Seay & Langford, Tuskegee, Ala., for Industrial Development Board of the City of Tuskegee, Alabama.

Dale Segrest, Raymon, Russell, Nathanson & Segrest, Montgomery, Ala., for LP-Gas Industrial Equipment Co.

No appearance for other defendants.

## ORDER

VARNER, District Judge.

This cause is now before the Court on the motion to dismiss filed herein January 22, 1975, by Defendant, Securities and Exchange Commission.

The instant cause involves an action against *inter alia* the Securities and Exchange Commission. The Commission, as an agency of the United States Government, is immune from suit absent its consent. See e. g. Cotter Corp. v. Seaborg, 370 F.2d 686 (10th Cir. 1966); United States v. Mel's Lockers, Inc., 346 F.2d 168 (10th Cir. 1965). Herein there has been no such consent.

Furthermore, an agency of the United States Government cannot be sued *eo nomine* without the authoriza-

tion of Congress. Blackmar v. Guerre, 342 U.S. 512, 515, 72 S.Ct. 410, 96 L.Ed. 534 (1952). Congress at this point has not seen fit to give its consent to a suit against the Securities and Exchange Commission *eo nomine*. Holmes v. Eddy, 341 F.2d 477, 480 (4th Cir. 1965) cert. den. 382 U.S. 892, 86 S.Ct. 185, 15 L.Ed.2d 149 (1965).

Apparently, the Plaintiff relies on the Declaratory Judgment Act, 28 U.S.C. § 2201, in seeking a "declaration". However, that statute provides no waiver of sovereign immunity. Indeed, the courts have uniformly held that the district court's jurisdiction is not extended by the Act to cases which would not otherwise be within its juris-diction. See e. g. Schilling v. Rogers, 363 U.S. 666, 677, 80 S.Ct. 1288, 4 L. Ed.2d 1478 (1960); Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671, 70 S.Ct. 876, 94 L.Ed. 1194 (1950).

In view of the foregoing, it is the opinion of the Court that the Securities and Exchange Commission is immune from suit in this cause and is due to be dismissed. Accordingly, it is the

Order, judgment and decree of this Court that said Defendant's motion to dismiss be, and the same is hereby, granted and the Defendant, Securities and Exchange Commission, is dismissed as a party Defendant to this cause of action.