Miss Magnolia **ALEXANDER**,
Plaintiff,

v.

**DEPARTMENT OF HEALTH, EDUCA-
TION AND WELFARE**, Defendant.

No. 74 C 2411.

United States District Court,
N. D. Illinois, E. D.

April 14, 1975.

1

**2**

Magnolia Alexander, pro se.

James A. McGurk, Asst. U. S. Atty., Chicago, Ill., for defendant.

## DECISION ON MOTION TO DISMISS

McMILLEN, District Judge.

The plaintiff has filed a *pro se* complaint against the above-named defendant, which has filed a motion to dismiss by the United States Attorney for the Northern District of Illinois. The plaintiff alleges that she has been deprived of various "civil rights" by the defendant, and she apparently seeks damages and a restitution of her educational grant for college. The motion to dismiss will be granted.

■ In the first place, the Federal government is not subject to suit for damages without its consent, and the only type of relief which could be granted to the plaintiff under any construction of her pleadings would involve monetary relief. This type of relief is unavailable here. See, for example, United States v. Sherwood, 312 U.S. 584, 586–8, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). Furthermore, no individual rep-

resentative of the government is named as a party defendant and none is accused of abuse of discretion or violation of any constitutional right. Therefore this court has no jurisdiction over any identifiable defendant. Blackmar v. Guerre, Regional Manager, Veterans Administration, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534 (1952).

The Government's memorandum also contains the pleadings of an earlier case between the same parties herein, Case No. 71 C 36, which the plaintiff filed in this court on January 6, 1971. That action was dismissed as frivolous under 28 U.S.C. § 1915(d) by Magistrate Balog on October 5, 1971, and no appeal was taken. A second action between the same parties, Case No. 73 C 1838, was filed on July 18, 1973. Judge Lynch ordered that no summons be issued and dismissed the complaint "with prejudice for failure to state a cause of action." The Seventh Circuit Court of Appeals affirmed the dismissal by an order entered June 3, 1974, Case No. 74–1388.

■■ Even though the disposition of both of the two foregoing complaints may be subject to question because of certain decisions by the Court of Appeals involving the Magistrates' Act and F.R.Civ.P. 4(a), we take judicial notice of them and their merits in concluding that the plaintiff has had a fair and full opportunity to litigate her grievances against the Department of Health, Education and Welfare. The only discernible issue which was not raised in her previous complaints is that she "obtained a government grant and was forced to leave college". This does not state a cause of action for deprivation of any constitutional right or any conspiracy by the defendant or its agents, construing the complaint as favorably as possible toward the plaintiff.

In short, we agree with the conclusions of the other judge and the magistrate who have become involved with the plaintiff's personal problems. This is another case in which all involved have spent time unnecessarily and to no pur-

pose, due in part to Rule 4(a) of the Federal Rules of Civil Procedure, as we recently had occasion to observe in dismissing the complaint in Weiland v. Byrne, et al., 392 F.Supp. 21 (N.D.Ill., 1975).

For these reasons we will not appoint an attorney to represent the plaintiff as requested and will dismiss her complaint.