Robert E. TRACY, d/b/a Tracy's
Plumbing, Heating and Home
Repairs, Plaintiff,

v.

UNITED STATES of America et
al., Defendants.

No. CIV–76–0216–D.

United States District Court,
W. D. Oklahoma.

June 24, 1976.

Robert E. Tracy, pro se.

David L. Russell, U. S. Atty., by O. B.
Johnston, III, Asst. U. S. Atty., Oklahoma
City, Okl., for respondents.

ORDER

DAUGHERTY, Chief Judge.

Plaintiff brings this action for the redress of damages which he allegedly sustained as a result of an unlawful levy and other actions by the Defendants. Defendants have moved to dismiss the action for failure to state a claim for which relief can be granted. This Court has converted the Motion to Dismiss into a Rule 56 Motion for Summary Judgment pursuant to Rule 12(b), Fed.R Civ.P. Plaintiff has responded thereto. Summary Judgment is granted in favor of all Defendants.

Plaintiff, acting pro se, alleges that the Internal Revenue Service failed to credit him with two checks that he mailed in payment of employment taxes for the first and third quarters of 1975. Plaintiff further alleges that the Internal Revenue Service levied upon his bank accounts without cause and without due process, thereby slandering him and his business and that two agents of the Internal Revenue Service called in person at his home, misrepresented themselves as offering a savings plan and sought information unlawfully. Plaintiff asserts jurisdiction pursuant to the First, Fifth and Fourteenth Amendments to the Constitution of the United States; Sections 241, 872 and 1001 of Title 18, United States Code; Sections 1346 and 2674 of Title 28, United States Code; Sections 876, 1981, 1985 and 1986 of Title 42, United States Code; and generally, the Internal Revenue Code of 1954, Title 26, United States Code.

Defendants assert that this Court lacks subject matter jurisdiction herein as all Defendants enjoy sovereign immunity with respect to the acts complained of. Defendants assert that the United States has not waived its immunity by statute and that this action is specifically barred by statute. Defendants assert that although Plaintiff

seeks a judgment for damages and not injunctive relief any injunctive relief would be barred by the Anti-Injunction Act, 26 U.S.C. § 7421. Defendants assert that the Federal Torts Claims Act (FTCA) cannot serve as a basis for the suit because Plaintiff has not filed an administrative claim [1] (this contention is supported by affidavit) and because failure to file such a claim is a fatal defect to an action under the FTCA. *Melo v. United States,* 505 F.2d 1026 (8 Cir. 1974). Defendants further assert that 28 U.S.C. § 2680 of the FTCA bars this action and that suits under the FTCA cannot be maintained against individual Defendants. Defendants maintain that sections of Title 18 may not be used to confer jurisdiction in this civil action as they refer to criminal statutes. Defendants contend that Section 1981 of Title 42 is limited to instances of racial discrimination and that Plaintiff has not alleged such discrimination. Defendants contend that Sections 1985 and 1986 of Title 42 do not allow relief against the actions of federal officers action under color of federal law.

Defendants further contend that the Plaintiff has failed to state a claim for which relief can be granted for the reasons set out above. Defendants have provided this Court affidavits to support their position. Accordingly, the Court converts this Motion to Dismiss into a Motion for Summary Judgment pursuant to Rule 12(b), Fed.R.Civ.P. Plaintiff has been afforded an opportunity to provide this Court with counter affidavits or other supporting documents but has declined to do so. This Court, therefore, must now determine whether summary judgment is appropriate at this time.

Summary judgment may be entered if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. In resisting a Motion for Summary Judgment which is supported by affidavits or other documentary evidence, a party "may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him". Rule 56(e), Fed.R. Civ.P. In view of the fact that Plaintiff is a pro se litigant and to afford him the benefit of every doubt this Court hereby notes that his original complaint was personally signed.

Defendants' defense of sovereign immunity is well taken. It is firmly established that the United States may not be sued without its consent. *Hawaii v. Gordon,* 373 U.S. 57, 83 S.Ct. 1052, 10 L.Ed.2d 191 (1963); *Larson v. Domestic & Foreign Commerce Corp.,* 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949); *U. S. v. Lee,* 106 U.S. 196, 1 S.Ct. 240, 27 L.Ed. 171 (1882). This immunity extends to officers of the Internal Revenue Service as the Internal Revenue Service is merely an agency of the United States. *Blackmar v. Guerre,* 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534 (1952); *Krouse v. United States Treasury Department,* 380 F.Supp. 219 (C.D.Calif.1974). A close examination of the statutes which Plaintiff has proffered reveals no such exception. 42 U.S.C. § 878 is not a statute of the United States.

It is equally clear that this suit cannot be maintained against Ms. Perry. There seems to be some confusion as to her role in the events. Plaintiff alleges that a D. Perry was one of the *men* who allegedly visited his home. The Internal Revenue Service, by affidavit, has denied that any of its agents have recently visited Plaintiff and that the only D. Perry that they employ is Doris Lee Perry who, as an Office Collection Representative for the Internal Revenue Service, signed a levy on the First National Bank of Coyle, Oklahoma with respect to the Plaintiff's tax liabilities. In any event she could not have been one of

---

1. Pursuant to 28 U.S.C. § 2675(a).

the men who allegedly visited the Plaintiff. As her actions were within the scope and authority of her official duties she is immune from this suit. *Barr v. Matteo,* 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959); *Howard v. Lyons,* 360 U.S. 593, 79 S.Ct. 1331, 3 L.Ed.2d 1454 (1959); *Gregoire v. Biddle,* 177 F.2d 579 (2 Cir. 1949); *cf., Bridges v. Internal Revenue Service,* 433 F.2d 299 (5 Cir. 1970).

In the face of the immunity afforded the Defendants there does not appear to be a genuine issue for trial. All Defendants are hereby awarded Summary Judgment dismissing Plaintiff's Complaint.