Konstantinos M. TSERPES,
Plaintiff,

v.

SECURITIES AND EXCHANGE COM-
MISSION, William D. Moran, Franklin
D. Ormsten, Ira M. Bratt, Mark N. Ja-
cobs, and Irving Sommer, Defendants.

No. 77 Civ. 4071 (CHT).

United States District Court,
S. D. New York.

Aug. 8, 1978.

Konstantinos M. Tserpes, pro se.

Paul Gonson, Associate Gen. Counsel, Frederick B. Wade, Sp. Counsel, Michael E. Blount, Atty., Securities and Exchange Commission, Washington, D. C., for defendants; Donald N. Malawsky, Associate Administrator, New York Regional Office, Securities and Exchange Commission, New York City, of counsel.

## MEMORANDUM

TENNEY, District Judge.

Konstantinos M. Tserpes appears pro se to press claims against the Securities and Exchange Commission ("SEC") and five individual defendants, four of whom are or were SEC staff members. The fifth individual defendant is an Administrative Law Judge at the SEC. Plaintiff's vague and conclusory complaint ascribes to the defendants a malicious conspiracy to injure his business and to disparage his professional abilities, charges which apparently arise from SEC administrative and judicial prosecution of the plaintiff in connection with the sale of shares in a corporation of which he is president.[1] All defendants have moved for dismissal of the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rules") or, in the alternative, for summary judgment pursuant to Rules 12(c) and 56. The Court having considered matters outside the pleadings, the

---

1. *See SEC v. Research Automation Corp.,* 521 F.2d 585 (2d Cir. 1975).

motion will be treated as one for summary judgment which, for the reasons that follow, is awarded to the defendants.

This Court is mindful of the traditional generosity afforded pro se plaintiffs. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Jackson v. Statler Foundation,* 496 F.2d 623 (2d Cir. 1974). Consequently, it has dealt sympathetically and somewhat informally with the plaintiff who, for reasons of alleged illness, was not required to hew to normal chronology in responding to this motion. Numerous extensions of time to respond were granted. Finally, by Order dated March 28, 1978, the Court instructed the plaintiff to submit a medical report explaining his physical condition. No such report was ever filed. In its stead, plaintiff submitted copies of forms apparently generated in the Medical Records Department of Metropolitan Hospital Center. Plaintiff's Notice of Motion, sworn to April 5, 1978, Exhibits. These extremely sketchy documents indicate that the plaintiff was admitted to that hospital on February 10, 1978, and was discharged on March 8, 1978. In his April 5 motion plaintiff provided some small illumination by stating that he was "required to recuperate from surgery for six more weeks." Giving plaintiff the leeway he requested and more, it would appear that this matter should have been attended to by the end of May. To date the Court has received no response from plaintiff to defendants' motion to dismiss.

It would not be unreasonable, therefore, to invoke the Rule 56 instruction that when faced with a properly supported summary judgment motion the party who does not respond may have judgment entered against him "if appropriate." However, the Court need engage in no such discretionary exercise. As a matter of substantive law the plaintiff could not prevail on his claim, for whatever support he might have garnered in response would collide with immunity doctrines clearly applicable to this case.[2] As applied to each of the six defendants named, immunity is afforded as follows:

■ 1. The SEC: As a federal agency, the SEC is an integral part of the United States government, having full sovereign immunity in the absence of waiver. *Blackmar v. Guerre,* 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534 (1952); *Larson v. Domestic and Foreign Commerce Corp.,* 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949). Apart from specific provisions of law providing for review of SEC action, *e. g.,* 15 U.S.C. § 702, no such waiver has been made.

■ 2. Irving Sommer: This defendant is an Administrative Law Judge and as such invulnerable for his official acts in connection with plaintiff's administrative case under the recent Supreme Court holding that "persons . . . performing adjudicatory functions within a federal agency are entitled to absolute immunity from damages liability for their judicial acts." *Butz v. Economou,* —— U.S. ——, ——, 98 S.Ct. 2894, 2915, 57 L.Ed.2d 895 (1978).

3. William D. Moran: Defendant Moran is now Regional Administrator of the New York Regional Office ("NYRO") of the SEC. In this capacity and in his former capacity as Associate Regional Administrator it was and is his responsibility to execute the mandate of that office which involves

> conducting investigations under each of the statutes administered by the Commission . . . reviewing evidence acquired in such investigations . . .

---

**2.** The Complaint does not specifically state that this suit arises from SEC litigation in connection with halting issuance of public shares in plaintiff's corporation. However, it does not take a great deal of imagination to cull from the Complaint evidence that this is so. To begin with, all of the defendants are or were connected with the SEC and with its case against Tserpes and his corporation. Moreover, the plaintiff states that the defendants "illegally stopped the standard business financing and benefits from plaintiff's 70% ownership of the business in Research Automation Corporation." Complaint ¶ 4(c)(1). Further, there is a charge that "[i]n their conspiracy, the defendants have deprived plaintiff access to the capital stock . . . ." *Id.* ¶ 4(5). It seems beyond cavil that plaintiff's charges against these defendants arise from their execution of official responsibilities.

recommending appropriate enforcement action to the Commission, and [supervising] and conduct[ing] . . . activities to enforce the provisions of those statutes.

Affidavit of William D. Moran, sworn to November 3, 1977, ¶ 2. Moran had a supervisory and discretionary role in the administrative proceeding taken against the plaintiff. This brings his activity squarely within the *Butz* holding that "those officials who are responsible for the decision to initiate or continue a proceeding subject to agency adjudication are entitled to absolute immunity from damages liability for their parts in that decision." *Butz v. Economou, supra,* —— U.S. at ——, 98 S.Ct. at 2916.

4. Franklin D. Ormsten: This defendant is Assistant Regional Administrator of the NYRO and like Moran is charged with similar agency responsibilities. Ormsten, however, did not participate in the *agency* proceedings against the plaintiff, but was responsible "for the overall supervision of the litigation of [the] civil injunctive action that the Commission had filed against [the plaintiff]." Affidavit of Franklin D. Ormsten, sworn to November 3, 1977, ¶¶ 2–4. Logic dictates that the *Butz* holding immunizing "those officials who are responsible for the decision to initiate or continue [an agency] proceeding" must extend to those agency officials whose administrative duties carry them outside the administrative process and into the courts in a prosecutorial role. Under 15 U.S.C. §§ 77t(b) and 78u(e) the SEC has authority to bring an action in a federal district court to enjoin "any acts or practices which constitute or will constitute" a violation of securities law and regulations. Thus an SEC injunctive proceeding in a district court might be considered a "continuation" of an agency proceeding already begun, and this view would immunize under the *Butz* "agency proceeding" doctrine those like Ormsten who participate in the decision to go to court and in the ensuing litigation. Alternatively, the SEC's statutory authority to bring injunctive proceedings in a district court may well bring Ormsten's activities within slightly broader language in *Butz* which states that "agency officials performing certain functions analogous to those of a prosecutor should be able to claim absolute immunity with respect to such acts." *Butz v. Economou, supra,* —— U.S. at ——, 98 S.Ct. at 2915. Either way this Court is satisfied that Ormsten is absolutely immune to prosecution in this matter.

5 & 6. Mark N. Jacobs and Ira M. Bratt: Defendant Jacobs was employed as an enforcement attorney with the SEC, in the course of which employment he participated in the investigation of plaintiff's activities in connection with his corporation's issuance of public shares. Jacobs also participated in the civil litigation begun by the SEC against the plaintiff. Affidavit of Mark N. Jacobs, sworn to November 3, 1977, ¶¶ 3–5. Defendant Bratt is currently an enforcement attorney with the SEC, and he also took part in the litigation against the plaintiff. Affidavit of Ira M. Bratt, sworn to November 3, 1977, ¶¶ 4, 5. The activities of defendants Jacobs and Bratt evoke the protection of the further *Butz* holding that "an agency attorney who arranges for the presentation of evidence on the record in the course of an [administrative] adjudication is absolutely immune from suits based on the introduction of such evidence." *Butz v. Economou, supra,* —— U.S. at ——, 98 S.Ct. at 2916. This theory must likewise extend to the litigation of SEC enforcement proceedings in the federal courts, for the attorney's role under statutory authority to commence such actions is no less prosecutorial and protected in the one forum than it is in the other. *See Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).

For all of the foregoing reasons the defendants' motion for summary judgment pursuant to Rules 12(c) and 56 is granted.