**Conrad LYNN, Plaintiff,**

**v.**

**UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant.**

**No. 82 Civ. 4532 (MP).**

United States District Court, S.D. New York.

April 5, 1984.

Conrad J. Lynn, pro se.

John S. Martin, Jr., U.S. Atty., S.D.N.Y. by Thomas E. Moseley, Asst. U.S. Atty., New York City, for defendant.

## MEMORANDUM

MILTON POLLACK, Senior District Judge.

Plaintiff asserts claims under both the Social Security Act and the Constitution of the United States arising out of the determination by the Social Security Administration (the "SSA") that it had made overpayments of child's insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* Defendant SSA moved to dismiss the complaint under Rules 12(b)(1) and (2) of the Federal Rules of Civil Procedure. Decision on this motion was postponed until the SSA completed its redetermination of Lynn's claim. As a redetermination denying Lynn's claim has now been completed, the motion is ripe for decision.

*The Claims under The Social Security Act Must Be Dismissed for Failure to Exhaust Administrative Remedies*

Subject matter jurisdiction for judicial review on claims arising under the Act is provided for and limited by Sections 205(g) and (h) of the Act, 42 U.S.C. § 405(g) and (h). These Sections provide that only final decisions of the Secretary may be reviewed in federal court. In this case, there has not yet been a final decision of the Secretary. After reconsideration determinations, claimant must have a hearing before an administrative law judge under 20 C.F.R.

§ 404.929, and must seek review by the Appeals Council pursuant to 20 C.F.R. § 404.967 before the decision is final. As Lynn has not set forth any reasons why he will not be able to obtain fair and just review of his claim before the agency, this claim must be dismissed for failure to exhaust administrative remedies.*

*The Claims under the Constitution Are Also Dismissed*

Plaintiff seeks damages from the defendant for violation of his Constitutional rights. This claim must be dismissed for several reasons. First, a federal agency cannot be sued *eo nomine.* See *Blackmar v. Guerre,* 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534 (1952). As the United States Department of Health and Human Services is the named defendant in this action, this alone is adequate reason to dismiss the complaint.

In addition, there are compelling reasons to dismiss the remaining claims on the merits.

*Claims under Section 1983*

Lynn's claims under Section 1983 fail as that Section only covers actions under color of state law. As noted in *Ellis v. Blum,* 643 F.2d 68, 83, n. 17, (2d Cir.1981), Title II of the Social Security Act distributes funds that are entirely federal in origin and state agencies function solely as agents of the federal government. Thus, no Section 1983 claim for either damages or an injunction is stated.

*Claims under Section 1981*

Lynn's claims under Section 1981 fail for several reasons. First, Section 1981 requires an allegation that the challenged action is racially motivated. See *Olivares v. Martin,* 555 F.2d 1192 (5th Cir.1977). Lynn's allegation, however, states:

> On information and belief, the plaintiff is informed that the harrassment that he has undergone, and the shortage of his

---

* This Court of course recognizes that exceptions exist to the exhaustion requirement, *see Mercer v. Birchman,* 700 F.2d 828 (2d Cir.1983). There is no reason to suspect that administrative review in this case will be futile. While Lynn alleges that his benefits were terminated for political reasons, he does not allege that the agency process now treats him unfairly.

Social Security Benefits is [sic] due, in part, to the publicly sensitive nature of some of the cases in which he has been involved as attorney.

Complaint, Count Three, ¶ 13.

■ Thus, as Lynn merely asserts that his benefits have been denied as a result of the subject matter of the cases that he is involved in and not as a result of his race, he fails to meet the Section 1981 requirement that he challenge a racially motivated act. This conclusion is supported by the fact that Lynn does not assert that the "publicly sensitive" cases that he is involved in relate to racial issues.

■ In addition, plaintiff's claim against the United States under Section 1981 is barred by the doctrine of sovereign immunity. *See Penn v. Schlesinger*, 490 F.2d 700, 703 (1973), *rev'd on other grounds*, 497 F.2d 970 (5th Cir.1974) (en banc), *cert. denied*, 426 U.S. 934, 96 S.Ct. 2646, 49 L.Ed.2d 385 (1976); *Benima v. Smithsonian Institute*, 471 F.Supp. 62, 68 (D.Mass. 1979). *But see, Henry v. Schlesinger*, 407 F.Supp. 1179, 1189 (E.D.Pa.1976).

*Claims under the Constitution*

■ The doctrine of sovereign immunity also bars Lynn's claims under the Constitution. Absent a waiver of sovereign immunity, even claims based on the Constitution are barred. *See Contemporary Mission, Inc. v. United States Postal Service*, 648 F.2d 97, 104 (2d Cir.1981). The Federal Torts Claims Act, 28 U.S.C. § 1346, does not contain a waiver of sovereign immunity for Constitutional torts but is limited to a waiver of sovereign immunity for torts under state law. In addition, 42 U.S.C. § 405(h) provides that no action shall be brought under 28 U.S.C. §§ 1331 or 1346 to recover on any claim arising under the Act.

■ Lynn's claim for injunctive relief seeks interference by this Court in the ongoing procedure of agency review. It is precisely this form of intervention that the exhaustion requirement blocks. As Lynn does not challenge the fairness or constitu-

tionality of the agency procedures, no ground is presented to allow waiver of the exhaustion requirement.

*Conclusion*

As all of Lynn's claims fail to state a claim on which relief may be granted, the complaint is in all respects dismissed.

SO ORDERED.