**Ronald Ray SCHROEDER, Plaintiff,**

v.

**Howard POLK, Ian Rolland, Denny Meadows, United States Probation Office, Kathleen E. Kolb, Kathryn A. Brogan, and Gary E. Eberling, Defendants.**

Civ. No. 2:93cv0076.

United States District Court,
N.D. Indiana,
Hammond Division.

Nov. 10, 1993.

Ronald Ray Schroeder, pro se.

T. Russell Strunk, Warsco, Brogan and Strunk, Fort Wayne, IN, for Howard Polk, Ian Rolland, Kathleen E. Kolb, Kathryn A. Brogan and Gary E. Eberling.

Tina L. Nommay, U.S. Attys. Office, Fort Wayne, IN, for Denny Meadows and U.S. Probation Office.

**ORDER**

ALLEN SHARP, Chief Judge.

It is the intention of this order to provide this pro se plaintiff clear rulings in the context of a somewhat confused record.

On October 19, 1993, United States Magistrate Judge Robin D. Pierce filed a report and recommendation in this case. The same Magistrate Judge filed a report and recommendation on October 22, 1993. On October 28, 1993, this plaintiff requested an extension of time to object to the report and recommendation filed October 19, 1993. This court entered an order on November 2, 1993 giving this plaintiff until December 6, 1993 to file objections. On November 8, 1993, this plaintiff filed a notice of appeal as to the report and recommendation filed October 19, 1993. Plaintiff is now **GRANTED** pauper status to take any appeal.

In order to attempt to avoid piecemeal appeals and having fully examined the entire record here, the report and recommendation filed October 22, 1993 is **APPROVED.**

It is most doubtful if there is yet a final appealable judgment in this case but this court has no intention of depriving this plaintiff the opportunity to attempt such an appeal. This court is all too familiar with its obligations under *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

**IT IS SO ORDERED.**

## REPORT AND RECOMMENDATION

PIERCE, United States Magistrate Judge.

This case is before the court on a motion to dismiss by defendant "United States Probation Office" pursuant to Fed.R.Civ.P. 12(b)(1), and a motion to substitute and to dismiss by defendant "Denny Meadows as United States Probation Officer," under Rule 12(b)(1), (5) and (6). Plaintiff, Ronald Ray Schroeder, has not specifically addressed either of these motions in any of his filings to date, notwithstanding defendants' August 9, 1993 notice in the spirit of *Lewis v. Faulkner,* 689 F.2d 100 (7th Cir.1982). Because the court has determined that it lacks jurisdiction over the subject matter, it does not reach the motion to substitute or the other grounds for dismissal raised by defendants.

### Defendant United States Probation Office

■ Defendant United States Probation Office has moved for dismissal under Rule 12(b)(1), asserting that the court lacks jurisdiction over the subject matter. Under the doctrine of sovereign immunity, the United States and its agencies cannot be sued absent an express waiver or authorization of Congress. *Blackmar v. Guerre,* 342 U.S. 512, 515, 72 S.Ct. 410, 412, 96 L.Ed. 534 (1952); *Ogden v. United States,* 758 F.2d 1168, 1177 (7th Cir.1985); *Champaign–Urbana News, Inc. v. J.L. Cummins News Co.,* 632 F.2d 680, 687 (7th Cir.1980).

■ Initially, it must be noted that there is no official entity known as the "United States Probation Office," or even the "United States Probation Department." Federal Probation officers are appointed individually by the district courts. 18 U.S.C. § 3602(a) and 28 U.S.C. § 609. They are employed by the United States Courts and are under the administrative control of the Director of the Administrative Office of the United States Courts. Thus, a suit against "The United States Probation Office" is, in effect, a suit against the United States Courts, a branch of the United States government. Because there has been no waiver of sovereign immunity with respect to the United States Courts, this court lacks jurisdiction over the subject matter of plaintiff's claim against the "United States Probation Office."

### Defendant Denny Meadows, as United States Probation Officer

■ Defendant "Denny Meadows, as United States Probation Officer," has likewise moved for dismissal under Rule 12(b)(1), asserting a lack of subject matter jurisdiction. It is clear from Mr. Schroeder's pleadings that he has sued defendant Denny Meadows in his official capacity "as United States Probation Officer." A suit against a government employee in his official capacity is, in effect, a suit against the United States. *Kentucky v. Graham,* 473 U.S. 159, 166, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985); *Brandon v. Holt,* 469 U.S. 464, 471–72, 105 S.Ct. 873, 877–78, 83 L.Ed.2d 878 (1985); *Coleman v. Espy,* 986 F.2d 1184, 1189 (8th Cir.1993); *Gilbert v. DaGrossa,* 756 F.2d 1455, 1458 (9th Cir.1985). Mr. Schroeder's action against defendant "Denny Meadows, as United States Probation Officer," is thus

barred by the doctrine of sovereign immunity, for the reasons previously stated.

It is, therefore, **RECOMMENDED** that plaintiff's action against the "United States Probation Office" and his action against "Denny Meadows, as United States Probation Officer," be dismissed under Rule 12(b)(1).

**ANY OBJECTIONS** to this report and recommendation must be filed with the Clerk of courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. See *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Lockert v. Faulkner,* 843 F.2d 1015 (7th Cir.1988); *Video Views, Inc. v. Studio 21 Ltd.,* 797 F.2d 538 (7th Cir.1986).

Dated this 19th day of October, 1993.