John HELASH, sole proprietor, dba John Helash Steel Construction, Plaintiff-Appellee,

v.

John G. BALLARD, Jr., Col., USAF, Defendant,

and

United States Air Force, U.S.A., Defendants-Appellants.

No. 78–2552.

United States Court of Appeals, Ninth Circuit.

June 11, 1980.

Charles W. Kircher, Jr., Asst. U. S. Atty., Los Angeles, Cal., for defendants-appellants.

Joseph E. DiLoreto, Mitchell & DiLoreto, Downey, Cal., for plaintiff-appellee.

Before ELY and WALLACE, Circuit Judges, and KING,* District Judge.

PER CURIAM:

Helash brought suit pursuant to the Tucker Act, 28 U.S.C. § 1346, to recover $20,000 in payment for steel provided by him and used by the government in construction of a power plant at a United States Air Force base in the Azores. The district court entered judgment against the Air Force and the United States in the amount of $10,000. We reverse the judgment and dismiss the suit as to the Air Force.

■ The crucial determinations in this case are whether the parties' conduct gave rise to an implied in fact contract and whether Helash had some property interest in the steel used by the government. The facts of the case were not disputed, and the district judge's conclusions as to the existence of a contract and ownership of the steel were arrived at by applying the law to accepted facts. Thus, we may review his conclusions de novo. *Great Atlantic & Pacific Tea Co. v. Supermarket Equip. Corp.,*

* Honorable Samuel P. King, United States District Judge, District of Hawaii, sitting by designation.

340 U.S. 147, 153–54, 71 S.Ct. 127, 130–131 (1950).

The district court's statement "[t]hat the U.S. AIR FORCE did use the materials, goods and supplies *of the plaintiff . .*" (emphasis added), was labeled a finding of fact. Labels, however, do not control our standard of review, and where, as here, findings of fact and conclusions of law are drafted primarily by one of the parties to the litigation, "an appellate court will scrutinize them more carefully than findings which are the product of the judge's own independent thought and research." *Burgess & Assoc., Inc. v. Klingensmith,* 487 F.2d 321, 325 (9th Cir. 1973). The facts concerning Helash's contract with VKM, delivery of the steel to Travis Air Force Base, and the government's conduct in regard to the steel, are undisputed. Whether Helash retained title to the steel after its delivery to Travis Air Force Base thus becomes a question of applicable law, here the California Commercial Code.

■ Even if we were to treat this legal conclusion as a finding of fact, however, Helash would not prevail. The conclusion that he owned the steel used by the government is clearly erroneous, being totally unsupported by record evidence of such ownership.

■ The district court concluded that the actions of the government and Helash gave rise to an implied in fact contract. That conclusion was erroneous. The obligations of parties to a contract implied in fact, like those of parties to an express contract, must be supported by consideration. *Somali Development Bank v. United States,* 508 F.2d 817, 822, 205 Ct.Cl. 741 (1974); *see Knote v. United States,* 95 U.S. 149, 156, 24 L.Ed. 442 (1877). In this case, Helash gave no consideration to the government in exchange for its purported promise to pay Helash the $20,000 for steel used in construction of the power plant. Therefore, no implied in fact contract arose.

Helash contends that the steel provided by him for use in construction of the power plant constituted such consideration. Without the citation of authority, he argues that well established California law gave him a right to rescind his contract with VKM Corporation should it fail to pay him for the steel, and, therefore, that he retained an equitable interest in the steel sufficient to constitute consideration when surrendered in exchange for the government's promise to pay. Our research convinces us that such a right did not exist under the VKM contract.

Under section 2401 of the California Commercial Code, which applies in this case where the contract between VKM and Helash arose in California, *Interstate Plywood Sales Co. v. Interstate Container Corp.*, 331 F.2d 449, 452 (9th Cir. 1964), title in the steel passed to VKM when Helash delivered it to Travis Air Force Base. Thereafter, Helash retained no interest in the steel. His right in the event of VKM's failure to pay was an action against VKM for the price of the steel. § 2709 Cal.Comm.Code. *See* Nordstrom, *Law of Sales* § 165, at 499–500 (1970). Thus, Helash cannot contend that the government's receipt of steel belonging to VKM constituted consideration provided by Helash.

Because Helash retained no interest in the steel after its delivery to Travis Air Force Base, he may not rely upon *United States v. Georgia Marble Co.*, 106 F.2d 955 (5th Cir. 1939), for support of his contention that an implied in fact contract did exist. In *Georgia Marble* the property utilized by the government belonged to the plaintiff and the government clearly recognized that fact. In this case, Helash had no such ownership interest to surrender.

The district court also held that "nonpayment to plaintiff, after demand was made upon defendants, constitutes the taking of plaintiff's property by the government under the Fifth Amendment of the Constitution." We conclude that the district court erred in deciding that the government's use of the VKM steel was a taking compensable to Helash. As Helash had no property in-

terest in the steel following its delivery to Travis Air Force Base, the government could not have been guilty of taking property from Helash without compensation. *Armstrong v. United States*, 364 U.S. 40, 80 S.Ct. 1563, 4 L.Ed.2d 1554 (1960), is distinguishable because the property taken by the government there was subject to a statutory lien belonging to the subcontractor and, therefore, the government was required to pay the subcontractor the value of the lien at the time of taking. Helash possessed no such lien.

Finally, we conclude that this action cannot be maintained against the Air Force. "When Congress authorizes one of its agencies to be sued *eo nomine*, it does so in explicit language, or impliedly because the agency is an offspring of such a suable entity." *Blackmar v. Guerre*, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534 (1952). This action is brought under the Tucker Act, 28 U.S.C. § 1346(a)(2), which confers jurisdiction for actions only against the United States. Absent an express or implied grant of authority to sue the Air Force, the district court lacked jurisdiction to enter judgment against the Air Force. Helash's action against the Air Force must be dismissed.

The decision of the district court is dismissed as to the United States Air Force and reversed as to the remainder of the case.

DISMISSED IN PART AND REVERSED.