Freddie ARTIS, Plaintiff,

v.

Joseph S. PETROVSKY, et al., Defendants.

No. 85–3067–CV–S–2.

United States District Court,
W.D. Missouri, S.D.

April 1, 1986.

**52**

Freddie Artis, plaintiff, pro se.

Vernon A. Poschel, Asst. U.S. Atty., Kansas City, Mo., for defendant.

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

COLLINSON, Senior District Judge.

The plaintiff, a prisoner, formerly confined at the United States Medical Center for Federal Prisoners (MCFP) in Springfield, Missouri, commenced the instant action on June 15, 1984. An amended complaint was filed on January 25, 1985, against several Bureau of Prison employees and the United States of America. The federal employees were sued in both their individual and official capacities. The named defendants are employed in the following capacities:

Mr. Joseph S. Petrovsky
Warden of MCFP

Dr. Walter Cassidy
Chief of Psychiatry, MCFP

Ms. Mary Alice Conroy, Phd.
Psychiatric Programs Administrator, MCFP

Mr. Joseph E. Baker, Jr.
Correctional Counselor, MCFP

Mr. Leon Horton
Case Manager, MCFP

Mr. Robert F. Harris
Senior Officer, MCFP

"Richard Roe"
Correctional Officer, MCFP.

The complaint, as amended, seeks damages from the defendants individually under the eighth amendment to the United States Constitution and from the federal government under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–2680. On February 4, 1986, defendants filed a renewed motion to dismiss or, in the alternative, for summary judgment. Plaintiff filed his suggestions in opposition on March 17, 1986. If, on a motion to dismiss matters outside the pleadings are presented and not excluded by the Court, the motion is to be treated as a motion for summary judgment. Since defendants have filed accompanying affidavits and exhibits with their motion to dismiss, the Court shall treat the motion as one for summary judgment pursuant to Federal Rule of Civil Procedure 56.

In contemplating a motion for summary judgment under Federal Rule of Civil Procedure 56, this Court is mindful of the strict standards imposed by the Eighth Circuit Court of Appeals. In *Klinge v. Lutheran Charities Assn. of St. Louis*, 523 F.2d 56, 61–62 (8th Cir.1975), the Court stated that such a motion is to be viewed in the light most favorable to the opposing party who also must receive the benefit of all reasonable inferences attainable from the material before the Court. In *Butler v. MFA Life Ins. Co.*, 591 F.2d 448, 451 (8th Cir.1979), the Court held that summary judgment should not be granted unless the moving party has established its right to judgment with such clarity that no room for controversy remains and has demonstrated that the non-moving party is not entitled to recover under any discernible circumstances. For the reasons contained herein, defendants' motion for summary judgment will be granted.

**Facts.**

Plaintiff alleges that he suffered injuries as the result of an assault by a fellow inmate, Charles Whitney, in the Diagnostic and Observation Unit located at MCFP. Both Whitney and plaintiff were at MCFP for psychiatric evaluation. Plaintiff alleges that on May 23, 1983, he encountered Whitney when returning to his quarters after taking a shower. The plaintiff had not had any previous problems with Whitney prior to the assault. Plaintiff contends

that Whitney stabbed him once in the back center of his neck with a pencil, causing a puncture wound and a large bump. After the single stabbing the alleged assault ended. Plaintiff sought medical treatment for the wound. On June 16, 1983, Dr. Clawson removed a piece of pencil lead from plaintiff's neck in an out-patient procedure which took approximately nine minutes.

### Federal Tort Claims Act Claim.

■ In the instant action, plaintiff seeks damages pursuant to the FTCA, 28 U.S.C. §§ 2671–2680, 18 U.S.C. § 4042. This action was brought within six months after the final denial of plaintiff's administrative claim as required by 28 U.S.C. § 2675(a). When a claim is brought pursuant to the FTCA, the United States rather than the agency or its employees must be named as defendant. *Mullins v. First National Exchange Bank of Virginia,* 275 F.Supp. 712, 720 n. 3 (W.D.Va.1967). Plaintiff has named the United States as a party defendant and has sought to proceed against the six named defendants and an unknown correctional officer in their "official and individual capacities." Suits against federal officers in their "official capacities" are in reality suits against the United States Government. *Hutchinson v. U.S.,* 677 F.2d 1322, 1327 (9th Cir.1982). However, the statutory provisions of the FTCA cannot be avoided by naming officers and employees of the United States as defendants. Since this action is a suit against the United States for the alleged actions of its employees and it has been named as a party defendant, the naming of the individual defendants in their official capacity is superfluous. Accordingly, the FTCA action against the individual defendants in their official capacity must be dismissed.

■ Further, the Court must grant summary judgment in favor of the defendant United States of America. This Court, viewing the file in the light most favorable to the plaintiff giving plaintiff the benefit of all reasonable inferences attainable from the material before the Court, concludes that plaintiff cannot recover under any discernible circumstances and no justiciable controversy remains. Plaintiff's recitation of facts would not allow recovery under the FTCA. Plaintiff has not presented any evidence that the United States was negligent in any way in providing him a safe and secure environment.

■ The United States, via the Bureau of Prisons, must exercise ordinary diligence in keeping prisoners safe and free from harm. *Jones v. U.S.,* 534 F.2d 53, 54 (5th Cir.1976), *cert. denied,* 429 U.S. 978, 97 S.Ct. 487, 50 L.Ed.2d 586 (1976). In order to recover under a FTCA claim, a plaintiff must show that the United States was negligent in the exercise of its responsibilities. *Id.* Prison officials have broad discretion, free from judicial intervention, in classifying prisoners in terms of their custodial status. *Id.* In order to establish that the United States breached its duty, a prisoner must establish that *prior to the assault* by another inmate, prison personnel had been advised of a problem between the prisoner and another inmate. *Id.* An inmate can establish this breach by introducing evidence that he/she informed prison personnel of the problem, that he/she requested special protection or segregation from the inmate population, that there had been extraordinary incidents at the prison near the time of the assault or that the correctional staff observed group tension or other problems indicating a danger to the security of the inmate. *Id.*

Plaintiff has provided no evidence in this case upon which he could have a claim under the above standard. In the instant case, plaintiff testified under oath in his deposition that he arrived at the MCFP on May 11, 1983 and was placed in cell block 10 E for psychological evaluation during which time he was kept locked in his cell for three days. He was then allowed to go into the general population of the prison. (Artis' Deposition, pages 4, 5). He first noticed Mr. Whitney about one week after he was released into the population. He had no problems, arguments or altercations with Mr. Whitney until he was allegedly stabbed while in his cell on May 23, 1983 by

Mr. Whitney. (Artis' Deposition, page 7). He made no complaint to any employee of the MCFP including the defendants about any threat to his safety from Mr. Whitney or anybody else prior to the alleged assault on May 23, 1983. (Artis' Deposition, pages 7, 8, 9). He did not ask to be placed in protective custody prior to the alleged assault (Artis' Deposition, page 8); and from the time of the alleged assault on May 23, 1983 until June 20, 1983 he was on administrative detention and kept from the general population. Plaintiff states he departed the Medical Center on June 20, 1983 (Artis' Deposition, page 36, 37, 38); and that he did not feel compelled to ask for protective custody after the alleged assault on May 23, 1983 since he was kept in administrative detention. (Artis' Deposition, page 37).

Further, each of the defendants indicate by their affidavits that they were unaware of any threat to the personal well-being of the plaintiff. The defendants indicate that had plaintiff reported that he feared that inmate Whitney might hurt him, they would have immediately taken steps to protect the plaintiff. Simply stated, there is no evidence of knowledge on any defendants' part of danger to the plaintiff prior to the alleged assault by Whitney and the defendant United States of America's motion for summary judgment must be granted.

**Bivens' Claim.**

Plaintiff's remaining claim, a Bivens-type action, seeks damages from the defendants individually under the eighth amendment to the United States Constitution. The Supreme Court has held that the violation of the Constitution by federal agents gives rise to a cause of action for damages consequent upon the unconstitutional conduct. *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388, 397, 91 S.Ct. 1999, 2005, 29 L.Ed.2d 619 (1971). Recently, the Supreme Court held that a state prisoner suing under 42 U.S.C. § 1983 failed to state claim in that "the due process clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty or property." *Dan-

iels v. Williams,* —— U.S. ——, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). Depending upon the constitutional right, mere negligence may not be enough to state a claim of a violation of the right. *Id.* at ——, 106 S.Ct. at 664–65. The Supreme Court found the principles enunciated in *Daniels* to be controlling in *Davidson v. Cannon,* —— U.S. ——, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986). (A prisoner sued prison officials seeking damages under § 1983 for injuries he suffered when they failed to protect him from another inmate.) In *Davidson,* the Supreme Court found that the state officials' lack of due care in failing to protect an inmate from another inmate did not trigger the protections of the due process clause. *Id.* at ——, 106 S.Ct. at 670–72.

Applying the principles set forth in the above two cases to the instant case suggests that Artis has failed to establish a Bivens' claim. Mere negligent conduct by a federal official, even though causing personal injury, does not constitute a violation of the eighth amendment. Plaintiff argues that it was the federal officers' negligence in failing to prevent the assault by Whitney that resulted in the individual defendant's violating his constitutional rights. Nothing in the file suggested that the prison officials' failure to protect the plaintiff from attack was due to recklessness or deliberate indifference. Plaintiff has not provided any evidence which would indicate that the federal defendants were even negligent in providing him protection. For this reason alone, summary judgment should be granted in favor of the individual defendants.

Further, the federal defendants are immune from suit because of their qualified immunity. In *Butz v. Economou,* 438 U.S. 478, 507, 98 S.Ct. 2894, 2911, 57 L.Ed.2d 895 (1970), the Supreme Court held that federal officials are generally entitled to at least the same "qualified immunity" it had previously accorded to state officials in *Scheurer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Insubstantial suits against federal officials need not proceed to trial. *Harlow v. Fitzgerald,* 457 U.S. 800, 808, 102 S.Ct. 2727, 2733, 73

L.Ed.2d 396 (1981). A qualified immunity shields federal officers from frivolous lawsuits. *Mitchell v. Forsyth,* —— U.S. ——, 105 S.Ct. 2806, 2814, 86 L.Ed.2d 411 (1985). The Supreme Court in *Harlow* held that "government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow,* 457 U.S. at 818, 102 S.Ct. at 2738.

In *Mitchell,* the Supreme Court set forth the test to be applied by a court in determining whether summary judgment should be granted in favor of a defendant. Even if a plaintiff's complaint adequately alleges the commission of acts that violated clearly established law, the defendant is entitled to summary judgment if discovery fails to uncover evidence sufficient to create a genuine issue as to whether the defendant in fact committed those acts. *Mitchell,* 105 S.Ct. at 2816. Summary judgment should be granted when proper for "[t]he entitlement is an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Id.*

The Court has applied the above test in ruling defendants' motion and finds that summary judgment should be granted in favor of the defendants. This action is nearly two years old. Discovery was completed on January 30, 1986. This Court ordered both parties to certify on or before February 13, 1986 that discovery had been completed. Defendants filed their certification of completion of discovery on February 11, 1986. Plaintiff has not filed any such certification, but neither has he filed any request for an extension of discovery. Thus, it appears to the Court that this matter is ready for trial. This Court in an order dated February 28, 1986, directed plaintiff to show cause why summary judgment should not be granted in favor of the defendants. Plaintiff was directed to file any materials in contravention of the affidavits or exhibits filed by the defendants in support of their motion. Plaintiff filed his response to the Court's show cause order on March 17, 1986. He did not file any contravailing affidavits or exhibits in support of his suggestions.

Since the commencement of this action, plaintiff has had ample time to engage in discovery. Discovery failed to show that the defendants violated clearly established statutory or constitutional rights of which a reasonable person might have known. After careful examination of the file, including the affidavits and exhibits of the defendants and the deposition and interrogatories of the plaintiff, the Court can find nothing which indicates that defendants received any type of warning of the danger to the plaintiff prior to the assault. Plaintiff has not presented any evidence to indicate he told anyone of the possibility of an attack and he indicates in his deposition that he had no warning of the assault. Although plaintiff pleaded in his complaint, upon information and belief that,

(a) There was a pattern of assaults at the USMCFP prior to May 25, 1983;

(b) These assaults were due to improper classification of mentally ill patients and mixing of mentally ill patients with inmates from the general population unit;

(c) Joseph Petrovsky failed to respond properly to the pervasive risk of assault due to the improper classification and mixing;

plaintiff has not presented any evidence that the defendants, as reasonable people, should have known of the danger to him. Nothing in the file indicates that plaintiff needed protection from an assault from Whitney. Accordingly, it would be error to not grant summary judgment in favor of the individual defendants.

█ Finally, a prerequisite for liability in suits for money damages for constitutional rights violations is direct personal involvement of each defendant. *Pearl v. Dobbs,* 649 F.2d 608, 609 (8th Cir.1981). *See also Harris v. Pirch,* 677 F.2d 681, 685 (8th Cir.1982). Absent a showing of a causal connection between the misconduct

complained of and the official sued, an individual cannot be held accountable for the alleged constitutional rights' violations committed by others. *Id.*

Defendant Petrovsky in his affidavit states that he was not personally involved in any of the acts which plaintiff contends violated his constitutional rights. Plaintiff has not filed any contravailing affidavits in contradiction of Warden Petrovsky. Plaintiff relies upon vague and conclusory allegations, without any concrete facts to support them, in maintaining his claim against defendant Petrovsky. After ample time for discovery, plaintiff has failed to establish any personal involvement on the part of defendant Petrovsky to violate his constitutional rights. Wherefore, plaintiff's complaint against this defendant fails to state a claim upon which relief can be granted under federal law and summary judgment must be granted in favor of defendant Petrovsky.

For the foregoing reasons, it is

ORDERED that the defendants' motion for summary judgment be, and hereby is, granted. The clerk is hereby directed to enter judgment in favor of the defendants.