**Louis Butler O'NEAL,
Plaintiff–Appellant,**

**v.**

**March Fong EU; Roy E. Bailey, Department of Veterans Administration; Dorcas T. Hardy, Commissioner of Social Security, Defendants–Appellees.**

**No. 87–2541.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 27, 1988.*

Decided Jan. 31, 1989.

Louis Butler O'Neal, Represa, Cal., pro se.

No appearance for defendants-appellees.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.

Before FERGUSON, NORRIS and WIGGINS, Circuit Judges.

PER CURIAM:

Louis Butler O'Neal, a California state prisoner, appeals pro se the district court's order dismissing his constitutional tort action brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). O'Neal contends that Roy Bailey, a Veterans Administration official, negligently failed to obtain records which would have established that O'Neal had a right to Veteran's death pension benefits. O'Neal also contends that he is entitled to the benefits.

A plaintiff must plead more than a merely negligent act by a federal official in order to state a colorable claim under *Bivens.* See *Daniels v. Williams,* 474 U.S. 327, 330–31, 106 S.Ct. 662, 664–65, 88 L.Ed.2d 662 (1986) (plaintiff must plead more than mere negligence in a 42 U.S.C. § 1983 action); *Tallman v. Reagan,* 846 F.2d 494, 495 (8th Cir.1988) (extending *Daniels* to a *Bivens*-type action involving gross negligence), *Nichols v. Block,* 656 F.Supp. 1436, 1442 (D.Mont.1987) ("*Daniels* is applicable by analogy to a *Bivens* action against federal officials"); *Artis v. Petrovsky,* 638 F.Supp. 51, 54 (W.D.Mo.1986) (applying *Daniels* in a *Bivens*-type action); *see also Schweiker v. Chilicky,* —— U.S. ——, 108 S.Ct. 2460, 2480, 101 L.Ed.2d 370 (1988) (Brennan, J. dissenting) ("in order to prevail in any *Bivens* action, [a plaintiff] must ... prove a deliberate abuse of governmental power rather than mere negligence"). Because O'Neal only alleges negligence, and the pleaded facts indicate that Bailey could not have been more than negligent, the district court properly dismissed O'Neal's complaint.

The judgment is AFFIRMED.

App.P. 34(a) and Ninth Circuit Rule 34–4.