Yvette B. HARRIS, Plaintiff,

v.

Warden Rob ROBERTS, Captain D. Weishardt, Lieutenant Kline, Lieutenant Collins, Officer J. Williams, Mr. Pringle, Defendants.

No. C–88–0775 SAW.

United States District Court,
N.D. California.

Aug. 31, 1989.

Yvette Harris, Dublin, Cal., for plaintiff.

Mary Beth Uitti, Asst. U.S. Atty., San Francisco, Cal., for defendants.

## MEMORANDUM AND ORDER

WEIGEL, District Judge.

Plaintiff sues under the eighth amendment of the United States Constitution, claiming: 1) deliberate indifference by prison officials to threats of harm to plaintiff; 2) deliberate indifference to plaintiff's medical needs; and 3) errors in plaintiff's prisoner classification status. On April 13, 1989 the Court denied defendants' motion to dismiss plaintiff's first claim as to defendants Weishardt and Kline; however, the Court dismissed this claim with prejudice as to Warden Roberts. The Court also dismissed with leave to amend plaintiff's claims for deliberate indifference to medical needs and for misclassification. Plaintiff has filed an amended complaint, and defendants now move for summary judgment on all claims.

### I

■ Plaintiff claims that defendants Weishardt and Kline did not take reasonable steps to protect her from violent inmates. Allegations that federal officials were deliberately indifferent to the threat of serious harm or injury to a prisoner may provide a basis for relief. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir.1980). The deliberate indifference standard requires a finding of some degree of individual culpability. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir.1986). Although the plaintiff need not show that the official believed to a moral certainty that one inmate intended to attack another, the official must have more than a mere suspicion that an attack will occur. *Id.*

■ Here, defendants have failed to meet their burden for summary judgment.

Defendants contend that, based on their discussions with plaintiff and their belief that a prior complaint of danger by plaintiff was unfounded, they concluded that plaintiff's cellmates did not present a danger to her. Defendants do not refute plaintiff's allegation that defendants knew that one of plaintiff's cellmates, Carolyn Webb, had a history of assaulting inmates and prison officers. Whether defendants' decision not to remove plaintiff from her cell in light of this information constituted deliberate indifference is a genuine issue of material fact that properly can be resolved only by a finder of fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Thus, summary judgment cannot lie.

### II

■ A defendant's deliberate indifference to medical needs may give rise to a claim for violation of the eighth amendment's prohibition of cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); *Jones v. Johnson*, 781 F.2d 769 (9th Cir.1986). Here, plaintiff alleges that she received inadequate medical treatment after the assault.

■ Her original complaint, dismissed with leave to amend, alleged only that she was treated by a physician's assistant, rather than a physician, following the assault. Her amended complaint expands on this claim. She argues that the two prison doctors had resigned prior to the assault, that the physician's assistant was not qualified to treat her, that prison officials failed to respond adequately to her complaints of pain by taking her to an outside facility for treatment, and that she thus suffered needlessly for approximately two weeks until a new doctor was hired.

Taking plaintiff's allegations on their own, they fail to set forth facts sufficient to state a claim for deliberate indifference to medical needs. Moreover, defendants, in support of their motion for summary judgment, have submitted the declaration of Dr. Henry Schumacker, who concludes that plaintiff received prompt and adequate

treatment for her injuries. He further concludes from his examination of plaintiff's medical records and the nature of plaintiff's injuries that plaintiff suffered no permanent injuries from the assault and that treatment by a physician's assistant did not fall below the standard of care.

A party opposing a properly supported motion for summary judgment may not rest upon conclusory allegations in the pleading, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Plaintiff has not submitted any opposition to defendants' motion. Her allegations, as they appear in the complaint, do not state a claim for deliberate indifference to medical needs. The Court grants summary judgment on this claim.

### III

 The Court dismissed plaintiff's initial claim of misclassification with leave to amend. Plaintiff's amended complaint fails to raise any additional facts on which a legally cognizable claim could be based.

Although plaintiff's claim is somewhat unclear, apparently the crux is that she served an additional seventeen or eighteen days in administrative segregation due to defendants Collins', Williams' and Pringle's failure to enter information concerning the assault in the Central Inmate Monitoring System. Plaintiff alleges that because of this failure she was temporarily transferred to the Metropolitan Correctional Center in San Diego, the same prison housing the two inmates who had assaulted her in Pleasanton, and thus was forced to request protective custody for the duration of her stay there.

 To state a claim for a constitutional deprivation, an inmate must allege more than mere negligence. *O'Neal v. Eu,* 866 F.2d 314 (9th Cir.1989). Plaintiff fails to allege any acts by defendants that rise above possible negligence. Further, there is no federally protected right not to be placed in administrative segregation. *Hewitt v. Helms,* 459 U.S. 460, 468, 103 S.Ct.

864, 869, 74 L.Ed.2d 675 (1983). Plaintiff's claim therefore lacks any legal basis for relief, and defendant's motion for summary judgment is granted.

Accordingly,

The Court HEREBY ORDERS that:

1. Defendants' summary judgment motion as to plaintiff's claim for deliberate indifference to threat of harm is denied;

2. Defendants' summary judgment motion as to plaintiff's claim for deliberate indifference to medical needs is granted;

3. Defendants' summary judgment motion as to plaintiff's claim of misclassification is granted.