959 F.2d 241
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James C. STANDLEE, Plaintiff-Appellant,
v.
UNITED STATES of America; Veterans Administration; Thomas
K. Turnage, et al., Defendants-Appellees.
 No. 91-15401.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 8, 1992.*
Decided April 10, 1992.
 
 Before HUG, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James C. Standlee, an Arizona state prisoner, appeals pro se the district court's dismissal of his constitutional tort action brought under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq.[1] The district court dismissed Standlee's complaint because Standlee failed to amend his complaint to show that he had exhausted his federal remedies.[2] Standlee contends that he had exhausted his administrative remedies by filing for compensation with the Veterans Administration and Worker's Compensation Program. We review de novo, Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989), and affirm.
 
 
 3
 Frivolous in forma pauperis complaints may be dismissed sua sponte under 28 U.S.C. § 1915(d). Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous "where it lacks an arguable basis either in law or fact." Id. at 325.
 
 Tort Claim under FTCA
 
 4
 Under the FTCA, the plaintiff must present his or her claim to the appropriate federal agency and have that claim finally denied by the agency before initiating any action in federal district court. 28 U.S.C. § 2675(a).
 
 
 5
 Here, Standlee submitted evidence showing that he had applied to the Veterans Administration and Worker's Compensation Program for compensation.[3] These applications did not indicate or allege any wrongdoing on the part of the federal defendants. The evidence did not establish that Standlee presented his tort claim to the appropriate federal agencies, and therefore, he failed to exhaust his administrative remedies. The district court properly dismissed Standlee's FTCA claim as frivolous. See Jackson, 885 F.2d at 641.
 
 Bivens Action
 
 6
 To state a claim under Bivens, the plaintiff must allege facts showing the federal official deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or the law. See Daniels v. Williams, 474 U.S. 327 (1986). "A plaintiff must plead more than a merely negligent act by a federal official in order to state a colorable claim under Bivens." O'Neal v. Eu, 866 F.2d 314, 314 (9th Cir.), cert. denied, 492 U.S. 909 (1989).
 
 
 7
 Here, the district court dismissed the complaint and action, relying on Hessbrook v. Lennon, 777 F.2d 999 (5th Cir.1985), which requires prisoners to exhaust administrative remedies. The Supreme Court, however, recently addressed the issue of exhaustion of administrative remedies for a Bivens claim and held that federal prisoners need not exhaust administrative remedies before filing a Bivens action that seeks monetary relief only. McCarthy v. Madigan, 112 S.Ct. 1081, 1088-90 (1992). To what extent McCarthy affects the present case is questionable. Nevertheless, we need not address this issue because Standlee's complaint fails to allege facts to support a Bivens action. See United States v. Harvis Constr. Co., 857 F.2d 1360, 1363 (9th Cir.1988) (this court may affirm on any grounds supported by the record).
 
 
 8
 Standlee claimed that he sustained injuries while using a tablesaw.[4] He received immediate medical attention at the Veterans Administration hospital, where the accident occurred. Standlee claimed that the treating physician wanted to perform surgery to check for possible nerve damage, but failed to schedule the surgery on three occasions. As a result, Standlee claimed that he sustained nerve damage and was left with an unsightly scar on his inner arm. Standlee claimed that his supervisor negligently failed to install a safety guard on the tablesaw, and that the treating physician acted negligently by failing to treat and close Standlee's wound properly.
 
 
 9
 Standlee must plead more than merely negligent acts by the defendants to support his claim under Bivens. See O'Neal, 866 F.2d at 314. Because the facts pleaded in Standlee's complaint indicate that the defendants could not be more than negligent, the district court's dismissal was proper. See id.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court dismissed the in forma pauperis complaint sua sponte before service of process. We interpret this dismissal as one under 28 U.S.C. § 1915(d). See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989)
 
 
 [2]
 The district court gave Standlee two opportunities to amend his complaint before finally dismissing
 
 
 [3]
 Standlee's claims were denied
 
 
 [4]
 At the time of the incident, Standlee was not an Arizona state prisoner