981 F.2d 1258
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald Duke KELLY, Plaintiff-Appellant,
v.
Lucy CHRISTY, in her individual capacity only, Defendant-Appellee.
 No. 92-35344.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 21, 1992.*
Decided Dec. 24, 1992.
 
 Before TANG, NOONAN and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ronald Duke Kelly, a federal prisoner, appeals pro se the district court's dismissal for failure to state a claim of his action brought pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971) against United States Probation Officer Lucy Christy. The district court found that Kelly's allegations of gross negligence and deliberate malfeasance, standing alone, are insufficient to state a Bivens claim. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Tanner v. Heise, 879 F.2d 572, 576 (9th Cir.1989). All allegations of material fact contained in the complaint are taken as true and construed in the light most favorable to the plaintiff. Id. Moreover, where the plaintiff is pro se, the court has an obligation to construe the pleadings liberally to afford the plaintiff any benefit of the doubt. Bretz v. Kelman, 773 F.2d 1026, 1027 n. 1 (9th Cir.1985) (en banc). Before dismissal, the court must also provide a pro se litigant with some notice of the deficiencies in the complaint and an opportunity to amend the complaint. See Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir.1987); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987). Dismissal of a pro se complaint without leave to amend is proper only if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir.) (per curiam) (quotations omitted), cert. denied, 488 U.S. 995 (1988).
 
 
 4
 To state a claim under Bivens, the plaintiff must allege facts showing that a federal official deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or by law. See Daniels v. Williams, 474 U.S. 327, 330-31 (1986). "A plaintiff must plead more than a merely negligent act by a federal official in order to state a colorable claim under Bivens." O'Neal v. Eu, 866 F.2d 314, 314 (9th Cir.) (per curiam), cert. denied, 492 U.S. 909 (1989).
 
 
 5
 Here, Probation Officer Christy was assigned to monitor and supervise Kelly while he was on probation. In his complaint, Kelly alleges that Christy (1) deliberately withheld information about Kelly from Christy's supervisor, (2) developed a sexual relationship with Kelly, (3) permitted Kelly to consume alcohol, cocaine, and marijuana, (4) provided false information to Kelly's alcohol counselor, (5) did not request Kelly's arrest after she was informed that he was using cocaine, (6) advised Kelly not to turn himself in when Kelly was arrested and escaped after allegedly robbing a bank, and (7) failed immediately to request Kelly's arrest for the bank robbery. Kelly also alleges that Christy was "grossly negligent" in handling his case, and "contributed to [his] demise, drug abuse, and alcoholism."
 
 
 6
 Kelly points to no authority, and our research reveals none, that supports Kelly's implied claim that he possesses a constitutional or legal right to a certain manner of supervision by his probation officer. Furthermore, even liberally construing Kelly's claims of inadequate and improper supervision, these claims do not, and could not by amendment, rise to the level of constitutional violations. See Daniels, 474 U.S. at 330-31; O'Neal, 866 F.2d at 314; Arnold v. United States, 816 F.2d 1306, 1310-11 (9th Cir.1987) (federal employee's claims of sexual harrassment and assault against employer did not rise to level of constitutional violation under Bivens ). Accordingly, the district court did not err by dismissing Kelly's action for failure to state a claim.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3