993 F.2d 883
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Fred A. JOSSI, Plaintiff-Appellant,
v.
Edward J. DERWINSKI, Secretary of U.S. Department of
Veterans Affairs, Defendant-Appellee.
 No. 92-36635.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1993.*
Decided May 24, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Fred A. Jossi appeals pro se the district court's summary judgment in favor of the Secretary of the Department of Veterans Affairs ("Secretary") in Jossi's action for damages for breach of contract under the Little Tucker Act, 28 U.S.C. § 1346(a)(2).[1] Jossi also appeals the court's denial of his request for leave to file an amended complaint. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 3
 * Summary Judgment
 
 
 4
 We review de novo the district court's summary judgment. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant law. Alaska Airlines, Inc. v. United Airlines, Inc., 948 F.2d 536, 539 (9th Cir.1991), cert. denied, 112 S.Ct. 1603 (1992).
 
 
 5
 Jossi contends the district court had subject matter jurisdiction over his action pursuant to the Little Tucker Act, 28 U.S.C. § 1346(a)(2). This contention lacks merit.
 
 
 6
 In pertinent part, the Little Tucker Act provides that the district courts have "original jurisdiction, concurrent with the United States Claims Court, of ... [a]ny ... civil action or claim against the United States, not exceeding $10,000 in amount, founded ... upon any express or implied contract with the United States." Id. The question we must determine is whether there was an implied-in-fact contract between Jossi and the Secretary pursuant to which the Board of Veterans Appeals ("BVA") was required to hold a hearing on Jossi's claim for benefits.[2]
 
 
 7
 To establish an implied-in-fact contract, Jossi had to show that he (1) rendered a service on behalf of the Secretary that (2) conferred a benefit on the Secretary (3) with the expectation of receiving some benefit or payment in return. See Helash v. Ballard, 638 F.2d 74, 75 (9th Cir.1980) (per curiam) ("[t]he obligations of parties to a contract implied in fact, like those of parties to an express contract, must be supported by consideration"); Hill v. Waxberg, 237 F.2d 936, 938 (9th Cir.1956) ("an implied contract results where one renders services at the request of another with the expectation of pay therefor, and in the process confers a benefit on the other"); accord Girling Health Syss., Inc. v. United States, 949 F.2d 1145, 1146-47 (Fed.Cir.1991) ("to establish jurisdiction based on implied contract, an appellant must establish the elements of a contract, including consideration, mutuality of intent, and definiteness of terms").
 
 
 8
 Jossi asserts that the BVA scheduled his hearing for a certain date, time, and place and that he agreed to appear as scheduled. He argues that a contract was thereby created. We disagree.
 
 
 9
 Jossi did not allege nor does the record indicate that Jossi furnished any consideration to the Secretary. Absent consideration, we agree with the district court that a contract between the Secretary and Jossi cannot be implied. See Helash, 638 F.2d at 75. Absent a contract, the district court lacked subject matter jurisdiction under the Little Tucker Act to adjudicate Jossi's claim. See 28 U.S.C. § 1346(a)(2); Girling Health Syss., Inc., 949 F.2d at 1146-47. Accordingly, the government was entitled to judgment as a matter of law.
 
 II
 Denial of Leave to Amend
 
 10
 We review for abuse of discretion the district court's denial of Jossi's request for leave to file an amended complaint. Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798 (9th Cir.1991).
 
 
 11
 At the hearing on the government's motion to dismiss, Jossi requested that he be allowed to amend his complaint to state a claim under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) if the court determined that jurisdiction was lacking under the Little Tucker Act. The magistrate judge denied the request, finding that Jossi's allegations did not support a claim for a constitutional or other tort.
 
 
 12
 In Bivens, the Supreme Court held that "individuals whose constitutional rights are violated may sue federal officials for damages under the Constitution without specific statutory authority." Karamanos v. Egger, 882 F.2d 447, 451 (9th Cir.1989). To state a claim under Bivens, a plaintiff "must plead more than a merely negligent act by a federal official." O'Neal v. Eu, 866 F.2d 314, 314 (9th Cir.) (per curiam), cert. denied, 492 U.S. 909 (1989). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.1982).
 
 
 13
 Here, Jossi's allegations show the BVA was at most negligent in failing to inform Jossi that the site of his hearing had been changed. See O'Neal, 866 F.2d at 314. Jossi's conclusory allegation that the BVA intentionally failed to inform him of the change is insufficient to support a Bivens claim. See Ivey, 673 F.2d at 268. We accordingly conclude that the district court did not err by denying Jossi's request to file an amended complaint because amendment would have been futile. See Texaco, Inc., 939 F.2d at 798.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Jossi's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The government actually filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b) and not a motion for summary judgment pursuant to Rule 56. In its motion, however, the government referred to affidavits and exhibits attached to the motion. The magistrate judge and district court should therefore have treated the motion as one for summary judgment and notified Jossi that the motion would be so treated. See Fed.R.Civ.P. 12(b); Grove v. Mead School Dist. No. 354, 753 F.2d 1528, 1532 (9th Cir.), cert. denied, 474 U.S. 826 (1985). Nevertheless, the record indicates that Jossi knew that matters outside the pleadings would be considered, see Grove, 753 F.2d at 1532-33, and that Jossi was able to submit his own affidavits and exhibits in opposition to the government's motion. Under these circumstances, we conclude that the district court's error does not warrant reversal
 
 
 [2]
 The record does not contain any evidence of an express contract between Jossi and the Secretary. Thus, we limit our inquiry to whether an implied-in-fact contract existed