Gary RIGGIO, Plaintiff—Appellant,

v.

BANK OF AMERICA NATIONAL TRUST & SAVINGS ASSOCIATION; Robert Mull; Joseph Burger, dba Photo Lock Photo; United States of America; Dana Scully, and Fox Mulder, individually and in their capacity as agents for the Federal Bureau of Investigation, the true identity and number of whom is unknown to plaintiff, Defendants—Appellees.

No. 00–16749.

D.C. No. CV–97–21139–RMW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 2001.

Decided March 13, 2002.

Before KOZINSKI, RYMER and SILVERMAN, Circuit Judges.

MEMORANDUM *

1. The district court did not err in dismissing Riggio's *Bivens* actions against the Bank of America, Mull and Berger. There is no private right of action for damages against private entities that are alleged to have engaged in constitutional

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

deprivations, even if they are acting under color of federal law. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 122 S.Ct. 515, 519, 151 L.Ed.2d 456 (2001). The Bank of America is a private entity. Consequently, it may not be sued in a *Bivens* action. Neither Mull nor Berger may be sued in a *Bivens* action, because such an action may only be brought against "individual federal officers" who commit "constitutional violations." *Id.* at 521.

Because negligence is not actionable under *Bivens*, we agree with the district court that Riggio has not stated a *Bivens* claim against the two fictionally named FBI agents. *See O'Neal v. Eu*, 866 F.2d 314, 314 (9th Cir.1989).

2. To maintain a section 1983 claim against private entities, a plaintiff must show that they acted under color of state law. *See Rivera v. Green*, 775 F.2d 1381, 1384–85 (9th Cir.1985). We agree with the district court that Riggio's complaint alleges, at most, that defendants acted under color of federal law. Thus, the district court did not err in holding that Riggio failed to state a claim under 42 U.S.C. § 1983.

3. In applying California law, we must render the decision we believe the Supreme Court of California would render. *McQuirk v. Donnelley*, 189 F.3d 793, 796 (9th Cir.1999). We believe that court will follow its rule that a report to a law enforcement agency is privileged only if it is made in good faith. *See Peterson v. Robinson*, 43 Cal.2d 690, 277 P.2d 19, 23 (1954) (In Bank); *Turner v. Mellon*, 41 Cal.2d 45, 257 P.2d 15, 17 (1953) (In Bank); *Devis v. Bank of Am.*, 65 Cal.App.4th 1002, 77 Cal. Rptr.2d 238, 242 (1998) ("we believe that controlling authority establishes that the privilege applies only if the erroneous re-

port to the police is made in good faith"). Riggio adequately pleads bad faith in the Ninth, Eleventh, Twelfth, Fourteenth, and Sixteenth causes of action against appellees in his Second Amended Complaint, because those causes of action allege either reckless or intentional tortious acts and omissions. The district court erred in dismissing those causes of action.

Each party shall bear its own costs.

AFFIRMED in part, REVERSED in part, REMANDED.