Emery SOOS, Plaintiff—Appellant,

v.

John E. POTTER; et al., Defendants—Appellees.

No. 03–55107.
D.C. No. CV–02–03067–DT.

United States Court of Appeals, Ninth Circuit.

Submitted July 28, 2003.*

Decided Aug. 12, 2003.

Before SKOPIL, FERGUSON, and BOOCHEVER, Circuit Judges.

MEMORANDUM**

Emery Soos sued the individual defendants, employees of the United States Postal Service, for the alleged negligent loss of eight pieces of certified mail and the failure to refund him the certified mail fees. Soos twice failed to allege any facts to support a conclusion that the named defendants were personally responsible for his lost mail. The district court dismissed his first amended complaint, holding that Soos had not alleged facts to support a constitutional claim and that his claim was barred under the Federal Tort Claims Act. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

A negligent act such as that alleged by Soos cannot furnish a basis for an action under *Bivens v. Six Unknown*

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

*Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). *See O'Neal v. Eu,* 866 F.2d 314, 314 (9th Cir.1989) (per curiam). Further, the Federal Tort Claims Act does not apply to "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b); *see Anderson v. United States Postal Service,* 761 F.2d 527, 528 (9th Cir.1985) (per curiam). Although Soos argues that his complaint stated claims for negligence and breach of contract, the ultimate claim is liability for negligent transmission. Soos's claim is thus barred.

AFFIRM.

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Walter K. Stapleton, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.