**Robert F. ANDERSON, as Trustee in Bankruptcy for Rodney L. Propps, Plaintiff,**

**v.**

**The FEDERAL DEPOSIT INSURANCE CORPORATION, Defendant.**

Civ. A. No. 4–87–590–0.

United States District Court, D. South Carolina, Florence Division.

Aug. 4, 1989.

---

H. Flynn Griffin, III, Columbia, S.C., for plaintiff.

Benjamin Allston Moore, Jr., Charleston, S.C., Buist, Moore, Smythe & McGee, David G. Mulock, Tampa, Fla., Saunders M. Bridges, Florence, S.C., John L. Sweeny, Myrtle Beach, S.C., for defendant.

## ORDER

PERRY, District Judge.

This matter is before the court upon the motion of the defendant, Federal Deposit Insurance Corporation (FDIC), to dismiss pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure on the grounds that this court lacks subject matter jurisdiction and because the complaint fails to state a claim upon which relief can be granted. For the reasons set forth below, the court grants the defendant's motion to dismiss.

### I. BACKGROUND

Rodney L. Propps (Propps) was a principal organizer of SeaBank Saving, F.S.B. (SeaBank), a federally chartered savings bank which was organized in 1984. Propps also served as Chairman of the Board of Directors of SeaBank and owned seventy-one percent (71%) of its stock. In mid–1984, Propps pledged 130,436 SeaBank shares to Park Bank which was located in St. Petersburg, Florida to secure an indebtedness owed by Propps to Park Bank. In February, 1986 Park Bank was declared insolvent and the FDIC was appointed receiver/liquidator of its assets which included the outstanding loans to Propps. The FDIC as liquidator assigned these loans to the FDIC in its corporate capacity FDIC who demanded payment from Propps' for his indebtedness to Park Bank. Thereafter, the FDIC sold this Propps' stock to some of the Directors of SeaBank for $1,200,000.

Propps then filed an action in the Court of Common Pleas for Horry County, South Carolina against the Directors of SeaBank for determination of the ownership of the SeaBank stock. The FDIC was added as a party defendant and, thereafter, the matter was removed to this court. Subsequently, Propps filed bankruptcy, and Robert F. Anderson, his Trustee, was substituted as plaintiff.

On March 28, 1988, this court granted plaintiff's motion to file and serve an amended complaint. The amended complaint names as defendants the FDIC and the individual directors of SeaBank and it seeks *inter alia* judgment against the FDIC for breach of internal regulations and guidelines, conversion and avoidance of the transfer as fraudulent pursuant to 11 U.S.C. § 548.

The FDIC now moves to dismiss these claims for lack of subject matter jurisdiction because of the plaintiff's failure to comply with certain of the Federal Tort Claims Acts (FTCA's) jurisdictional requirements. 28 U.S.C. §§ 1346(b), 2671 *et seq.*

**448**

## II. DISCUSSION

It is well settled that the "United States, as sovereign, 'is immune from suit save as it consents to be sued, ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Lehman v. Nakshian,* 453 U.S. 156, 160, 101 S.Ct. 2698, 2701, 69 L.Ed.2d 548 (1981) (quoting *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 770, 85 L.Ed. 1058 (1941); *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953–54, 47 L.Ed.2d 114 (1976). The United States' sovereign immunity extends to its agencies, *Blackmar v. Guerre,* 342 U.S. 512, 515, 72 S.Ct. 410, 411–12, 96 L.Ed. 534 (1952), including the FDIC. *See Rauscher Pierce Refsnes, Inc. v. FDIC,* 789 F.2d 313, 315 (5th Cir.1986); *FDIC v. Citizens Bank & Trust Co.,* 592 F.2d 364, 369 n. 5 (7th Cir.1979) *cert. denied* 444 U.S. 829, 100 S.Ct. 56, 62 L.Ed.2d 37 (1979).

The FDIC argues that the exclusive jurisdictional basis for a tort suit against the government is the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346, 2671, *et seq.* 28 U.S.C. § 1346 provides in pertinent part that:

(a) The district courts shall have original jurisdiction, concurrent with the United States Claims Court, of:

.  .  .  .  .

(2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States....

(b) Subject to the provisions of Chapter 171 of this title, the district courts ... shall have exclusive jurisdiction of civil actions or claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

■ The plaintiff argues that the FTCA is not the exclusive jurisdictional basis for this action. Rather, the plaintiff argues that this court has jurisdiction pursuant to 28 U.S.C. § 1334. Section 1334 provides as follows:

(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

Admittedly, the instant action is a civil proceeding related to a title 11 case. However, the court finds that § 1334 in and of itself is not sufficient to give this court jurisdiction since § 1334 does not contain the requisite waiver of sovereign immunity. Section 1346(b) however, does provide such a waiver:

Subject to the provisions of chapter 171 of this title, the district courts ... shall have exclusive jurisdiction of civil actions against the United States, for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission ... under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

■ The plaintiff, however, argues that the FDIC waived sovereign immunity pursuant to 11 U.S.C. § 106 of the Bankruptcy Code when it filed a proof of claim and thereby waived its rights under the FTCA. As support for this proposition, the plaintiff refers the court to the case of *In re Inslaw, Inc.,* 76 B.R. 224, 16 B.C.D. 306, 313 (Bankr.D.D.C.1987) in which the court stated that "the Bankruptcy Code's explicit waivers of sovereign immunity are entirely

distinct, separate, and independent from and in addition to those found in any other statute, including the Federal Tort Claims Act." The court declines to follow the findings of the *Inslaw* court.

Here, the Trustee's claims against the FDIC sound in tort. A conflict exists between provisions of § 106 which provides for waiver of sovereign immunity and the waiver provisions of the FTCA when the provisions are applied to tort claims. This conflict may be resolved by applying two of the traditional rules of statutory construction.

■ First, a statute dealing with a narrow, specific subject matter must be given precedence over a broad and general statute unless the legislative body, in this instance Congress, expresses its intent to do otherwise. *Radzanower, v. Touche Ross & Co.*, 426 U.S. 148, 96 S.Ct. 1989, 48 L.Ed.2d 540 (1976). Here, the FTCA is a comprehensive statute which was enacted in 1946 after years of debate in Congress. 11 U.S.C. § 106, however, is a relatively short general statute. The court has reviewed the legislative history of § 106 and has found nothing indicating Congress intended to undermine the FTCA by exposing federal agencies to tort claims directly.

■ A second rule of statutory construction that must be applied to the instant action is that waivers of sovereign immunity are to be strictly construed in favor of the sovereign. In *Fidelity Construction Co. v. United States*, 700 F.2d 1379, 1387 (Fed.Cir.1983), the court stated that "broad and general language which might be construed as consenting otherwise, will not be so construed when Congress has elsewhere specified how and to what extent it consents to the specific liability to be enforced, or refuses consent." Here, Congress has specifically stated that the remedies provided by the FTCA are exclusive. Therefore, the court finds that the specific provisions of the FTCA are exclusive and will prevail over the general waiver provided by § 106 with regard to the tort claims asserted by the Trustee.

Having determined that this action is controlled by the FTCA and its specific provisions regarding waivers of sovereign immunity, the court turns to the FDIC's primary arguments regarding dismissal.

■ First, the FDIC argues that this court lacks subject matter jurisdiction to hear this matter due to the plaintiff's failure to comply with the jurisdictional requirements of the FTCA. Specifically, the FDIC argues that the plaintiff's failure to name the United States as a party deprives this court of jurisdiction over this matter. The court agrees.

The terms of the FTCA contemplate suit against the United States itself, and not against a governmental agency. *Miller v. United States*, 710 F.2d 656, 657 n. 1 (10th Cir.1983), *cert. denied*, 464 U.S. 939, 104 S.Ct. 352, 78 L.Ed.2d 316 (1983). In fact, the FTCA expressly prohibits a tort suit against a federal agency in its own name. 28 U.S.C. § 2679(a) provides:

> The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title, and the remedies provided by this title in such cases shall be exclusive.

■ As an additional basis for its motion to dismiss, the FDIC argues that this court lacks subject matter jurisdiction over this matter due to the Trustee's failure to file an administrative tort claim with the federal agency as required by § 2675(a) of the FTCA prior to filing suit. The FDIC asserts that this filing is "jurisdictional and cannot be waived". *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir.1986). A review of the pleadings and arguments presented by counsel for the Trustee indicates that the Trustee did not file an administrative claim prior to filing this suit. Therefore, the court finds that the Trustee failed to exhaust his administrative remedies as required by § 2675(a). Thus, the FDIC's motion to dismiss on this ground is also granted.

For the above stated reasons, the FDIC's motion to dismiss is granted.

IT IS SO ORDERED.