**Robert F. ANDERSON, as Trustee in Bankruptcy for Rodney L. Propps, Plaintiff–Appellant,**

**and**

**Rodney L. Propps, Plaintiff,**

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION, Defendant–Appellee,**

**and**

**William H. Alford; Mark C. Garner; Cephus W. Long; William O. Sweeny, Jr.; Robert N. Swiger; George D. Taylor, Defendants.**

No. 89–1533.

United States Court of Appeals, Fourth Circuit.

Argued April 2, 1990.

Decided Nov. 14, 1990.

Rehearing Denied Jan. 15, 1991.

---

Henry Flynn Griffin, III, Anderson, Lowder & Strait, P.A., Columbia, S.C., for plaintiff-appellant.

Thomas Sinclair Rees, Civ. Div., U.S. Dept. of Justice, Washington, D.C., argued, (Stuart M. Gerson, Asst. Atty. Gen., Jeffrey Axelrad, Civ. Div., U.S. Dept. of Justice, Washington, D.C., E. Bart Daniel, U.S. Atty., Michelle A. Ligon, Asst. U.S. Atty., Columbia, S.C., Mary P. Davis, Sr. Atty., Rodney D. Ray, Legal Div., F.D.I.C., Washington, D.C., J. Randolph Pelzer, Charleston, S.C., Benjamin Allston Moore, Buist, Moore, Smythe & McGee, Charleston, S.C., on the brief), for defendant-appellee.

Before WIDENER and MURNAGHAN, Circuit Judges, and SMITH, United States District Judge for the Eastern District of Virginia, sitting by designation.

WIDENER, Circuit Judge:

Robert F. Anderson, trustee in bankruptcy for Rodney L. Propps, appeals an order of the district court dismissing for lack of subject matter jurisdiction his action against the Federal Deposit Insurance Corporation (FDIC). 114 B.R. 446. We vacate the judgment of the district court and remand for further proceedings not inconsistent with this opinion.

Because the district court granted the FDIC's motion to dismiss under Fed.R. Civ.P. 12(b)(1), we accept as true the following allegations in Anderson's First Amended Complaint. In 1984, Rodney L. Propps organized a federally chartered savings bank, SeaBank Savings, FSB (SeaBank). Propps served as chairman of the board of directors of SeaBank and owned over seventy percent of SeaBank's stock, most of which Propps pledged to secure an indebtedness he owed to Park Bank of Florida (Park Bank). In February 1986, Park Bank was declared insolvent and the FDIC was appointed receiver to receive and liquidate Park Bank's assets, including Propps' loans. The FDIC as receiver assigned Propps' loans to the FDIC in its corporate capacity, which demanded payment from Propps in the amount of $1,729,-971.01. The FDIC later sold Propps' collat-

eral, the SeaBank stock, to certain members of SeaBank's board of directors for $1,200,000.00.

Propps then filed an action in the Court of Common Pleas for Horry County, South Carolina, against the directors of SeaBank, seeking a declaration that he was the owner of the stock. The FDIC was added as a party defendant, and the FDIC removed the action to the United States District Court for the District of South Carolina. Thereafter, Propps filed a petition under Chapter 7 of the Bankruptcy Code and Anderson, as Propps' trustee in bankruptcy, was substituted as plaintiff. The FDIC filed a proof of claim with the Bankruptcy Court for the District of South Carolina to recover the difference between the sale price of the stock and the amount of Propps' debt.[1]

The district court granted Anderson's motion to file and serve an amended complaint, which asserted additional causes of action against the FDIC and the directors of SeaBank. Anderson has settled his claims against the directors, and seeks to pursue his claims against the FDIC which include the avoidance of fraudulent transfers pursuant to 11 U.S.C. § 548, equitable subordination of the FDIC's claims, and conversion. The district court found that the waivers of sovereign immunity in the Bankruptcy Code and the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.*, conflicted and that the provisions of the Tort Claims Act controlled. Because Anderson admittedly had not complied with the Tort Claims Act,[2] the district court then determined that it lacked subject matter jurisdiction and dismissed Anderson's complaint. We are of opinion that the waivers of sovereign immunity in the Bankruptcy Code and the Tort Claims Act are not irreconcilable, and therefore vacate the district court's judgment and remand for further proceedings.

■ The district court correctly stated the general rule that the "United States, as sovereign, 'is immune from suit save as it consents to be sued, ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Lehman v. Nakshian*, 453 U.S. 156, 160, 101 S.Ct. 2698, 2701, 69 L.Ed.2d 548 (1981) (quoting *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941)). The FDIC, as an agency of the United States, enjoys the same protection. See *Blackmar v. Guerre*, 342 U.S. 512, 515, 72 S.Ct. 410, 411, 96 L.Ed. 534 (1952); *FDIC v. Citizens Bank & Trust Co.*, 592 F.2d 364, 369 n. 5 (7th Cir.1979).

To support jurisdiction, Anderson relies upon the bankruptcy statutes, first upon 28 U.S.C. § 1334(b), which states:

Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district

---

1. Although Anderson alleged in his First Amended Complaint that the "FDIC claims a deficiency on the Propps loans" and the "FDIC claims to be a creditor of the within estate," the actual proof of claim the FDIC filed in the Bankruptcy Court is not a part of the record before us. The FDIC conceded both below and at oral argument in this court that it filed the proof of claim, but insists that we may not consider the effect of a document not filed in the district court or contained in the record before us. We disagree. First, paragraphs 41 and 42 of the First Amended Complaint, quoted above, fairly refer to the proof of claim. Moreover, the Bankruptcy Court is considered "a unit of the district court" under 28 U.S.C. § 151, and we believe a district court should properly take judicial notice of its own records, as the court below implicitly did ("plaintiff ... argues that the FDIC waived sovereign immunity ... when it filed a proof of claim...."). The Clerk of the Bankruptcy Court informs us that the FDIC

filed a proof of claim on January 21, 1988, in the amount of $598,070.08.

We have decided this case on the basis that the FDIC filed its claim in the Propps' bankruptcy. While 11 U.S.C. § 106 may not explicitly require the filing of a claim, whether or not such is an implicit requirement of that section is not before us. We express no opinion as to a claim under § 106(a) against a governmental unit in a case in which the governmental unit has a claim to assert against the debtor but has not formally filed a proof of claim in the bankruptcy proceeding.

2. The Tort Claims Act requires, among other things, that suit be brought against the United States rather than the agency itself, *Hughes v. United States*, 701 F.2d 56, 58 (7th Cir.1982), and that a prospective plaintiff first file an administrative claim with the appropriate agency. 28 U.S.C. § 2675(a).

courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

Because 28 U.S.C. § 1334 contains no waiver of sovereign immunity, Anderson also relies upon § 106 of the Bankruptcy Code, the catchline of which in the Statutes at Large is "Waiver of sovereign immunity."

(a) A governmental unit is deemed to have waived sovereign immunity with respect to any claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which such governmental unit's claim arose.

(b) There shall be offset against an allowed claim or interest of a governmental unit any claim against such governmental unit that is property of the estate.

(c) Except as provided in subsections (a) and (b) of this section and notwithstanding any assertion of sovereign immunity—

(1) a provision of this title that contains "creditor," "entity," or "governmental unit" applies to governmental units; and

(2) a determination by the court of an issue arising under such a provision binds governmental units.

11 U.S.C. § 106. The district court correctly found that "the instant action is a civil proceeding related to a title 11 case." Thus, the district court assumed that 28 U.S.C. § 1334 and 11 U.S.C. § 106 otherwise would apply, but, because the action also implicated the Tort Claims Act, the district court determined that the Tort Claims Act took precedence. By contrast, the FDIC is unwilling to concede that 28 U.S.C. § 1334 and 11 U.S.C. § 106 would apply even if the Tort Claims Act did not. Rather than rely solely upon the district court's reasoning, the FDIC argues that this is not a bankruptcy case and therefore 28 U.S.C. § 1334 and 11 U.S.C. § 106 are inapplicable; or, if this is a bankruptcy case, the case should be in bankruptcy court and 28 U.S.C. § 1334 and 11 U.S.C. § 106 cannot apply in the district court.

The FDIC offers nothing to contradict the district court's express finding that this proceeding relates to a bankruptcy case. Instead, the FDIC questions the manner in which the district court asserted jurisdiction and cites the district court's local rule which, pursuant to 28 U.S.C. § 157(a), refers all bankruptcy cases and related proceedings to the bankruptcy judges for the district. Although the argument on this technical point possesses some facial attractiveness because such blanket orders of reference operate automatically, *Norton Bankr. L. & Prac.* § 5.10, at 65–66, we do not believe the local rule precluded the district court from exercising jurisdiction. District courts may withdraw reference to the bankruptcy court of a bankruptcy case or related proceeding, in whole or in part under 28 U.S.C. § 157(d). Because the district court retained jurisdiction of the case after the trustee was substituted as plaintiff, we conclude that "[b]y allowing trustee intervention, the district court effectively withdrew this matter from the bankruptcy judge to whom it otherwise would have been automatically referred for disposition by the blanket order. The district court was then free to exercise section 1334 jurisdiction of this case." *Carlton v. BAWW, Inc.,* 751 F.2d 781, 788 (5th Cir.1985). Also, and just as importantly, the bankruptcy judge to whom Propps' petition was referred in the first place could just as easily have required Anderson, the trustee, to proceed against the FDIC in the bankruptcy court as authorized him to intervene in the district court, which was done. See *Carlton,* 751 F.2d at 786. Even the government describes the claims asserted by the trustee as claims of fraudulent transfer, breach of fiduciary duty and conversion, claims which might well have been asserted by an adversary proceeding in the bankruptcy proceeding, especially since the FDIC had filed its claim there. See *Carlton,* 751 F.2d at 781–88; 1 *Collier on Bankruptcy,* ¶ 3.01; 4 *Collier on Bankruptcy,* ¶ 550.02; Ginsberg, *Bankruptcy,* ¶ 1501; 6 Norton, part VII. Indeed, 11 U.S.C. § 106 does not condition its waiver of sovereign immunity upon the court in which such waiver may be effec-

tive. To argue, as does the FDIC, that the waiver of 11 U.S.C. § 106, whatever its extent, must be asserted only in the bankruptcy court rather than also in the district court of which the bankruptcy court is a unit, is preferring form over substance, in our opinion. And that by inference, no such requirement appearing in the statute.[3]

The FDIC next contends that 28 U.S.C. § 1334 cannot be the basis for jurisdiction because it contains no waiver of sovereign immunity. As noted above, however, Anderson does not rely upon 28 U.S.C. § 1334 for a waiver of sovereign immunity, but upon 11 U.S.C. § 106 of the Bankruptcy Code. Although courts do equate the lack of a waiver of sovereign immunity with a lack of jurisdiction, see, *e.g., United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941), we know of no decision which requires that both the requisite grant of jurisdiction and the waiver of sovereign immunity must arise from the same statute. *Cf. J.C. Driskill, Inc. v. Abdnor,* 901 F.2d 383, 385 (4th Cir.1990) ("Plaintiffs seek to establish federal question jurisdiction over their claim ... based upon 28 U.S.C. § 1331 for jurisdiction and 15 U.S.C. § 634(b)(1) for waiver of sovereign immunity." (footnote omitted)). Thus we hold that both 28 U.S.C. § 1334(b) and 11 U.S.C. § 106 properly may apply in the district court.

The final question presented, and the principal ground upon which the district court based its decision, is whether the Tort Claims Act alters the application of 11 U.S.C. § 106. The district court found that Anderson's claims "sound in tort," and, because the Tort Claims Act is considered "the exclusive remedy for actions sounding in tort," *Ascot Dinner Theatre v. Small Business Administration,* 887 F.2d 1024, ·1028 (10th Cir.1989), determined that a conflict existed between the Tort Claims Act and 11 U.S.C. § 106 of the Bankruptcy Code, to wit, no administrative claim had been filed and the United States was not sued as such under the Tort Claims Act. To resolve the conflict, the district court applied rules of statutory construction which provide that a specific statute prevails over a general one, and that waivers of sovereign immunity are to be strictly construed in favor of the sovereign. It concluded that the Tort Claims Act controlled.[4]

■ We believe the more appropriate rule of statutory construction is the principle that a court should, if possible, construe statutes harmoniously. See 2A N. Singer, *Sutherland Statutory Construction* § 53.01, at 550 (4th ed. 1984). This is especially true if the statutes deal with the same subject matter, even if an apparent conflict exists. *Sutherland* § 51.02, at 453. Here, 11 U.S.C. § 106 can be interpreted consistently with the Tort Claims Act.

■ Congress enacted 11 U.S.C. § 106 of the Bankruptcy Code specifically to waive sovereign immunity in situations such as the one before us. To allow the FDIC to participate in the estate without subjecting itself to any liability it has to the trustee "would be one-sided" the Senate Report states. S.Rep. No. 989, 95th Cong., 2d Sess., *reprinted in* 5 U.S.Code Cong. & Admin.News 5787, 5815 (1978). The House Report, at p. 6274 of the same volume, is to the same effect. Both reports agree with

---

**3.** Because we reject the FDIC's contention that this is not a proceeding related to a bankruptcy case, and we hold that 28 U.S.C. § 1334(b) applies, we also reject the FDIC's contention that 11 U.S.C. § 106 cannot apply in the district court. Given that "a District Court [can] exercise fully all § 1334(b) bankruptcy jurisdiction," *Norton* § 5.10, at 61, both the Bankruptcy Code and Rules may apply in district court. See Bankr.R. 1001 advisory committee note (1987) ("This amended [rule] makes the Bankruptcy Rules applicable to cases and proceedings under title 11, whether before the district judges or the bankruptcy judges of the district").

**4.** We note that although, as set forth in the text of the opinion, we believe the Tort Claims Act and the Bankruptcy Code can be interpreted consistently, if a conflict did exist, another principle of statutory construction requires that the most recent statute controls because it is the later expression of the legislature. 2A N. Singer, *Sutherland Statutory Construction* § 51.02, at 454 (4th ed. 1984). The Bankruptcy Code became law in 1978, well after the enactment of the Tort Claims Act.

our construction of 11 U.S.C. § 106. We see nothing inconsistent in concluding that, by the assertion of its claim against the estate, the FDIC waived the protections it otherwise enjoys, both under the doctrine of sovereign immunity and under the Tort Claims Act. Instead, any inconsistency lies in the FDIC's position.

If the Tort Claims Act is applied to such claims as the present one related to bankruptcy, as the FDIC has suggested, 11 U.S.C. § 106 would be meaningless in all cases of torts thereunder, for the Tort Claims Act contains its own waiver of sovereign immunity. See 28 U.S.C. § 2674. We decide, therefore, that we must give effect to both statutes until Congress provides otherwise, and that "the Bankruptcy Code's explicit waivers of sovereign immunity are entirely distinct, separate and independent from and in addition to those found in ... the FTCA." *In re Inslaw, Inc.*, 76 B.R. 224, 234 (Bankr.D.D.C.1987).

The judgment of the district court is vacated and the case is remanded for action not inconsistent with this opinion.

VACATED AND REMANDED.